

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 20, 1960

Mr. Lewis M. Hoppock, D.C.S.
Secretary-Treasurer
State Board of Chiropody Examiners
P. O. Box 3315
Temple, Texas

Opinion No. WW-885

Re: May an individual, licensed
by the State Board of Chirop-
ody Examiners legally use the
word "podiatrist" following
his name in connection with
the professional use of his
name on any sign, pamphlet,
Dear Mr. Hoppock:       stationery, etc.

Your request for an opinion from this office invol-
ves two questions, the first of these is:

(1)  Whether an individual licensed
by the State Board of Chiropody Examiners
may legally use the word "podiatrist"
following his name in connection with the
professional use of his name on any sign,
pamphlet, stationery, letterhead, signa-
ture, office door, directories, etc.

Article 4567, Vernon's Civil Statutes, as amended
by Acts 52nd Legislature, 1951, chapter 132, page 219,
§ 1, states that:

"Any person shall be regarded as prac-
ticing chiropody within the meaning of this
law, and shall be deemed and construed to be
a chiropodist, who shall treat or offer to
treat any disease or disorder, physical in-
jury or deformity, or ailment of the human
foot by any system or method and charge

therefor, directly or indirectly, money or other compensation or who shall publicly profess or claim to be a chiropodist, podiatrist, pedicurist, foot specialist, doctor or use any title, degree, letter, syllable, word or words that would tend to lead the public to believe such person was a practitioner authorized to practice or assume the duties incident to the practice of chiropody."

Section 3, Article 4590e, Vernon's Civil Statutes, as amended Acts 52nd Legislature, 1951, chapter 154, page 254, provides in part as follows:

"Every person licensed to practice the healing art heretofore or hereafter by . . . the State Board of Chiropody Examiners . . . shall in the professional use of his name on any sign, pamphlet, stationery, letterhead, signature, or on any other such means of identification, written or printed, designate in the manner set forth in this Act the system of the healing art which he is by his license permitted to practice. The following are the legally required identifications, one of which must be used by practitioners of the healing art:

". . .

"(6) If licensed by the State Board of Chiropody Examiners; chiropodist; doctor, D.S.C.; doctor of surgical chiropody; D.S.C."

39 Tex. Jur. "Statutes", Section 90, Page 166, states as follows:

"'The intention of the Legislature in enacting a law is the law itself,' 'the essence of the law,' and 'the spirit which gives life' to the enactment. Hence, the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it."

It is settled that the statutes must be construed so as to give effect to the legislative intent.

In looking at the legislative history of Articles 4567 and 4590e (3) (6), it will be found that the Legislature amended Article 4567 and later enacted Article 4590e (3) (6).

"Where statutes relating to the same subject matter were enacted at the same session of the Legislature, it is presumed that they were actuated by the same policy and imbued with the same spirit, and in ascertaining legislative intent they will be read together as though they were embraced in one act . . ." Garrett v. Mercantile Nat. Bank at Dallas, et al, 140 Tex. 394, 168 S.W. 2d 636 (1943).

Further, it is a well settled rule that statutes relating to the same subject matter "should be construed together and when one statute deals with the subject in general terms and another deals with a part of the subject in a more detailed way" the latter will control. Culver, et al v. Miears, et al, 220 S.W. 2d 200 (Civ. App. 1949).

It is abundantly clear that the intention of the Legislature was to limit those licensed under Article 4590e (3) (6) to the use of one of the legally required identifications set out therein, and hence it is the opinion of this Department that an individual licensed by the State Board of Chiropody Examiners may not legally use the word "podiatrist" following his name in connection with the professional use of his name on any sign, pamphlet, stationery, etc.

Your second question involves:

(2) Whether the State Board of Chiropody Examiners has the authority to admit to its examination or to license an individual upon whom has been conferred a degree other than Doctor of Surgical Chiropody?

Article 4570 provides in part:

"All applicants for license to practice chiropody in this State, not otherwise

licensed under the provisions of law, . . .
shall present satisfactory evidence of grad-
uation from a bona fide reputable school of
chiropody in the form of a diploma which has
conferred the degree of Doctor of Surgical
Chiropody. . . ."

39 Tex. Jur. "Statutes", Section 90, Page 168,
states as follows:

"When the intent is plainly expressed
in the language of a statute, it must be
given effect without attempting to construe
or interpret the law. . . ."

39 Tex. Jur. "Statutes", Section 17, Page 39,
states as follows:

". . . A statute giving authority to
do a particular thing, and prescribing the
mode of doing it, is mandatory in the sense
that all other modes are excluded. . . ."

It is our opinion that the State Board of Chiropody
Examiners may only admit to examination or license an in-
dividual upon whom a degree has been conferred of Doctor
of Surgical Chiropody from a bona fide reputable school
of chiropody.

## S U M M A R Y

(1) The intention of the Legislature in
enacting Article 4590e (3) (6) was to
require those individuals licensed by
the State Board of Chiropody Examiners
to use one of the identifications set
out therein, and the word "podiatrist"
is not sufficient to meet the require-
ments of the statute.

(2) The provisions of Article 4570 being
mandatory, the State Board of Chirop-
ody Examiners may only admit to exam-
ination or license an individual upon

whom a degree has been conferred of Doctor
of Surgical Chiropody from a bona fide re-
putable school of Chiropody.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Martha Joe Stroud
Assistant

MJS:mm


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Joe Allen Osborn
C. Dean Davis
Lawrence Hargrove
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore