

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 18, 1961

Honorable Robert S. Calvert         Opinion No. WW-1140
Comptroller of Public Accounts
Capitol Station                     Re: Three questions relating
Austin, Texas                           to Sec. 2 of Senate Bill
                                        No. 10, Acts 1961, 57th
                                        Leg., R.S., ch. 371, p.
                                        817, which adds a new
                                        Section No. (6a) to Art.
                                        9.13 of Title 122A, Tax.-
                                        Gen., R.C.S., which is
Dear Mr. Calvert:                       the Motor Fuel Tax Law.

        You request the opinion of the Attorney General in answer
to three questions relating to Senate Bill No. 10, Acts 1961,
R.S., 57th Legislature, which is more fully referenced in the
caption of this opinion.

        Your questions and our answers are as follows:

        Your first question is:

            "Will the provisions of Section 7(a)
        of Article VIII of the Constitution of
        the State of Texas permit the allocation
        and deposit of unclaimed aircraft fuel
        tax refunds to the Texas Available School
        Fund and to the Texas Aeronautics Commission
        Fund for the purposes provided in Section
        (6a), cited above?"

        Our answer is "Yes".

        Your second question is:

            ". . .will persons who are entitled to
        file claims for refund of the tax paid on
        motor fuel used in aircraft be required
        to file such claims within six months to
        comply with the six months limitation
        period indicated in Section (6a) of Senate
        Bill 10, or will such persons be entitled
        to file claim within the period of one
        year as provided in Subsection (6) of
        Article 9.13, as amended by House Bill 129?"

House Bill 129 to which you refer was passed at the same Regular Session of the Legislature which passed Senate Bill No. 10. It is chapter 453, at page 1026 of the Acts of that Session. Our answer to the second question is that claims must be filed within six months, as required by Section (6a) of Senate Bill 10.

Your third question, stated in alternate inquiries which we designate as subdivisions (a) and (b) is as follows:

"(a) Is the Comptroller correct in construing Senate Bill No. 10, as intended by the Legislature, to mean that the Comptroller must first receive the monthly reports and schedules, required in Section 5 above, from the distributors showing complete information of all sales of motor fuel marketed by such distributors as aviation or aircraft fuel, from which to determine the total quantities available for refund during the month reported, and then must wait until the limitation for filing refund claims on the purchases shown has expired (six months or one year whichever you determine to be the law) before making the determination of the number of gallons used in aircraft upon which refund of the tax thereon has not been made and against which a limitation has run for filing claim for refund of said tax as provided in Section (6a) above cited?

or,

"(b) does the provision in Section (6a) stating, 'Each month the Comptroller. . . shall determine as accurately as possible the number of such gallons. . .' require or authorize the Comptroller to make such determination as accurately as possible -- which would necessarily be an estimate -- and make the allocations each month after the effective date of the Act, subject to correction on allocations made after the limitation has run?"

Our answer to this third question is that the Comptroller is to follow the procedure stated in subdivision (a) of this question.

## Provisions of the Texas Constitution
## and Statutes under Consideration

The pertinent portion of Sec. 7-a of Art. VIII of the Texas Constitution reads as follows:

"Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund;. . . ."

Section 1 of this Senate Bill No. 10 adds to the Motor Fuel Tax Law a new Section (5) to Art. 9.03, Title 122A, Tax.-Gen., R.C.S. This new Sec. (5) reads as follows:

"Section 1. That Section 5 be enacted and added as an amendment to House Bill No. 11, Acts 1959, 56th Legislature, 3rd Called Session, Chapter 9, (under Chapter 1) Title 122A, Motor Fuel Tax (Article 9.03 by adding a Secion 5 thereto) the same to read:

"'(5) Reports. Every distributor selling motor fuel in this state for use in aircraft, or for resale for such purpose, shall attach to each monthly report required by law to be filed with the Comptroller by each distributor a schedule which shall become a part of such report and shall show complete

information of all sales of motor fuel
marketed by such distributor as aviation
or aircraft motor fuel in such form as
the Comptroller may require. The Comptroller
is hereby authorized to prescribe records
to be kept and reports to be made by
distributors and refund dealers in what-
ever manner and form he deems necessary to
determine the amount of motor fuel, used or
sold for use in aircraft on which claim for
refund of the tax is not made, and the failure
or refusal to keep any such records or to
make any such reports shall constitute cause
for the cancellation of the permit or refund
of dealer's license of those who fail or
refuse to comply therewith.'"

Section 2 of this Senate Bill No. 10 adds to the Motor Fuel
Tax Law a new Section (6a) to Art. 9.13, Title 122A, Tax.-Gen.,
R.C.S. This new Sec. (6a) reads as follows:

"Sec. 2. That Section (6a) be enacted
and added as an amendment to Article 9.13,
House Bill No. 11, Acts 1959, 56th Legislature,
3rd Called Session, Chapter 9, (under Chapter 1)
Title 122A, Motor Fuel Tax, the same to read:

"'(6a) Allocation of unclaimed aircraft
fuel refunds to Available School Fund and
to Texas Aeronautics Commission Fund. Each
month the Comptroller, after making the
deductions for refund purposes as provided
in Article 9.13, Section (13) of this
Chapter, shall determine as accurately as
possible the number of gallons of motor
fuel used in aircraft upon which the motor
fuel tax has been paid to this state, and
upon which refund of the tax thereon has not
been made and against which a six (6) months
limitatation has run for filing claim for
refund of said tax (called "unclaimed refunds"),
and from the number of gallons so determined
the Comptroller shall compute the amount of
taxes that would have been refunded under the
law had claims for same been filed in accordance
with the law, and shall allocate and deposit
such unclaimed refunds as follows: twenty-
five per cent (25%) of such revenues shall be
allocated, deposited, and set aside in the
State Treasury placed to the credit of the

Available School Fund. The remaining
seventy-five per cent (75%) of such
revenues shall be allocated, deposited,
and set aside in the State Treasury in
a special fund to be called the Texas
Aeronautics Commission Fund and the same
shall be credited to, and is hereby
appropriated to, the Texas Aeronautics
Commission for the purposes set forth in
this Section, and which said Texas Aeronautics
Commission Fund shall be administered by the
Texas Aeronautics Commission, together with
any other funds appropriated by the Legis-
lature, for the support, maintenance and
operation of the Texas Aeronautics Commission
in the performance of its safety and all of
its other functions, duties and responsibilities
as may be now or hereafter delegated to such
Commission as prescribed by law, and also for
the payment of the Commissioners, the director,
assistant director, the staff, and for equip-
ment and supplies, including aircraft and
automotive equipment as authorized by law.
Any unexpended portion of the Texas Aeronautics
Commission Fund allocated and placed to the
credit of the Texas Aeronautics Commission,
as herein prescribed, not used, and on hand,
at the end of each fiscal year shall be
returned to the Comptroller of Public Accounts
and he shall place the same to the credit of
the Texas Aeronautics Commission Fund for the
use of the Texas Aeronautics Commission for
the purposes stated herein.'"

House Bill No. 129, Acts 1961, 57th Legislature, Regular
Session, chapter 453, at page 1026, amends Subsection (6) of
said Art. 9.13, Title 122A, Tax.-Gen., R.C.S. This subsection
(6) in its pertinent portion as so amended reads as follows:

"(6) Any person entitled to file claim
for tax refund under the terms of this Article
shall file such claim with the Comptroller
on a form prescribed by the Comptroller within
one (1) year from the date the motor fuel was
delivered to him,. . .and no refund of tax
shall ever be made where it appears from the
invoice of exemption or other evidence sub-
mitted, that the sale or delivery of the motor
fuel was made more than one (1) year prior to
the date the refund claim was actually received
in the Comptroller's office. . .  ."

We note also that the same Regular Session of the 57th
Legislature enlarged both the personnel and the powers and
duties of the Texas Aeronautics Commission by Senate Bill
No. 76, Acts 1961, chapter 379, page 850.

Also, we mention that Art. 9.25 of Title 122A, as
amended by Sec. 5 of this Senate Bill No. 10 was subsequently
amended by ARTICLE V of House Bill No. 20, Acts 1961, 57th
Legislature, First Called Session, Chapter 24, page 71 (at
page 102).  Your inquiries which are the subject of this opinion
relate only to claims for refunds of the motor fuel tax paid
on fuel purchased for use in aircraft.  Art. 9.25 relates to
allocation of the remainder of the motor fuel tax collected
after making deductions for refund purposes and for enforcement
of the Motor Fuel Tax Act.  This Art. 9.25 as amended by this
House Bill No. 20 states, in part:

> "Each month the Comptroller of Public
> Accounts shall, after making the deductions
> for refund purposes as provided in Article
> 9.13 of this Chapter, and for the enforcement
> of the provisions of this Chapter, allocate
> and deposit the remainder of the taxes
> collected under the provisions of this Chapter
> in the proportions as follows: . . ."  (Under-
> scoring added).

We find no conflict between the provisions of this House Bill
20 and the provisions of new Section (6a) to Art. 9.13, Title
122A, which is the subject of your inquiries.

### Discussion of Questions Asked

First Question:  Section 7-a of Art. VIII of our Texas
Constitution requires that the net revenues from the Motor Fuel
Tax ". . .on motor fuels and lubricants used to propel motor
vehicles over public roadways, shall be used for. . ."  (under-
scoring added) specified purposes relating to the construction
and policing of the public roadways and for the payment of
specified indebtedness incident to public roads.  This Sec. 7-a
further provides that 1/4th of this net revenue shall be allocated
to the Available School Fund.

Section (6a) added to Art. 9.13 by Sec. 2 of Senate Bill
No. 10, which we are considering, allocates only unclaimed air-
craft fuel refunds, and in addition allocates one-fourth (1/4)
of these revenues to the Available School Fund.  We find no
conflict between Sec. 7-a of Art. VIII of the Constitution and
this new Section (6a) of Art. 9.13.

Second Question:  We believe that Section (5) added to Art. 9.03 of the Motor Fuel Tax Law, and Section (6a) added to Art. 9.13 of that law, by Sections 1 and 2, respectively of the Senate Bill No. 10, manifest the legislative intent that claims for refund of the motor fuel tax paid on such fuel used in aircraft are to be filed as required by the more specific provisions of new Sec. (6a) of Art. 9.13 (added by Sec. 2 of S.B. 10) instead of by the general provisions of amended Subsection (6) of this Art. 9.13 (as amended by H.B. 129).  We do not consider the fact that House Bill 129 was passed by the Legislature one day subsequent to passage of Senate Bill No. 10 to make the general provisions of House Bill 129 control over the specific provisions of Senate Bill 10.

Section (5) of Art. 9.03 (being Section 1 of this Senate Bill No. 10) requires each distributor selling motor fuel for use in aircraft to file each month a special schedule prescribed by the State Comptroller to enable the Comptroller ". . . to determine the amount of motor fuel, used or sold for use in aircraft on which claim for refund of the tax is not made. . . ."  This schedule is required only of fuel the ultimate use of which is for use in aircraft.  Also, new Section (6a) of Art. 9.13 (being Sec. 2 of this Senate Bill No. 10) relates only to fuel used in aircraft.

> "'It is a fundamental rule that where
> the general statute, if standing alone,
> would include the same matter as the special
> act, and thus conflict with it, the special
> act will be considered as an exception to
> the general statute, whether it was passed
> before or after such general enactment. . .
> and where the general act is later, the special
> statute will be construed as remaining an
> exception to its terms, unless it is repealed
> in express words or by necessary implication'."
> Hallum v. Texas Liquor Control Board, 166 S.W.2d
> 175 (Civ.App. 1942, error ref.).  Also:
> Fortinberry v. State, ex.rel. Myers, 283 S.W.
> 146 (Comm.App. 1926); Culver v. Miears, 220
> S.W.2d 200 (Civ.App. 1949, error ref.); Wright
> v. Broeter, 145 Tex. 142, 196 S.W.2d 82 (1946);
> 39 Tex.Jur. 149-151, Statutes, Sec. 81-82.

Third Question:  We believe that the Legislature intended by the provisions of new Sec. (6a) added to Art. 9.13 by Sec. 2 of Senate Bill 10 which read:

". . .and against which a six (6) months
limitation has run for filing claim for
refund of said tax (called 'unclaimed
refunds'). . ."

and

". . .and from the number of gallons so
determined the Comptroller shall compute the
amount of taxes that would have been refunded
under the law had claims for same been filed
in accordance with the law,. . ." (Under-
scoring added)

that the Comptroller first receive the monthly reports and
schedules required in new Section (5) of Art. 9.03 (being Section
1 of this Senate Bill No. 10) and then to wait until the six (6)
months limitation set forth in this new Section (6a) of Art.
9.13 has expired before he makes determination each month of
the quantity of fuel used in aircraft and upon which a claim for
refund of the taxes has not been made for the immediately preceding
six months.

## S U M M A R Y

Sec. 2 of Senate Bill No. 10, Acts
1961, R.S. (codified as Sec. (6a) of Art.
9.13, Title 122A, R.C.S.):

1) Is constitutional;

2) Requires claims for refund of the
motor fuel  tax paid on fuel used in air-
craft to be filed within a six months
limitation period;

3) Requires the Comptroller to wait
until this six months limitation period
has expired before he determines each month
the amount of motor fuel used in aircraft
upon which a claim for refund of the motor
fuel tax has not been made for the immediately
preceding six months.

Yours very truly,

WILL WILSON
Attorney General of Texas

By_____
W. E. Allen
Assistant Attorney General

WEA:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Henry Braswell
Riley Eugene Fletcher
John Reeves
Bill Robinson

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.