

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS
July 12, 1962

*Overrules where conflicts: O-6434 O-6352; O-3089 O-1695; O-1593*

Mr. Alwin E. Pape
County Attorney
Guadalupe County
Sequin, Texas

Dear Mr. Pape:

Opinion No. WW-1379

Re: Payment of charges due news-
papers for publishing of ci-
tations and notices of sher-
iff's sale in delinquent
ad valorem tax suits.

You ask the opinion of this office with reference to pay-
ment of charges due newspapers for publishing citations and no-
tices of sheriff's sale in suits for delinquent ad valorem taxes
when a taxing unit who is a party to the suit purchases the land
at sale for the delinquent taxes.

The two relevant statutes are Articles 7333 and 7345b, Sec.
9, Vernon's Civil Statutes. We paraphrase your three questions
as follows:

1. Which of these two statutes applies?

2. When the County purchases the land may the county pay
the portion of these charges imposed upon the State?

3. If the County cannot pay the State's portion of these
charges then how may their payment be procured from
the State?

Art. No. 7333 reads as follows:

"In each case such fees shall be taxed
as costs against the lands to be sold under
judgment for taxes, and paid out of the pro-
ceeds of sale of same after taxes, penalty
and interest due therein are paid, and in no
case shall the State or county be liable there-
for except that where the State or other tax-
ing unit is the successful bidder at the tax
sale, all charges due newspapers for the pub-
lishing of citations and notices of sheriff's
sale shall be paid by the county and State
and other taxing units in proportion to the
taxes adjudicated to each." (underscoring
added).

Article 7345b, Section 9, in its pertinent portion reads as follows:

> "If the property be sold to any taxing unit which is a party to the judgment under decree of Court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same. . . ." (underscoring added).

This Sec. 9 of Art. 7345b further provides that when the land is sold by the taxing unit which purchased it at the foreclosure sale that

> ". . . the proceeds thereof shall be received by or paid over to the taxing unit which purchased said property at the tax foreclosure sale, for the account of itself and all other taxing units adjudged to have a tax lien against such property, and all taxing units so receiving said proceeds shall first pay out of the same all costs and expenses of Court and of sale, and distribute the remainder among all taxing units for which purchasing taxing unit purchased and held said property, pro rata and in proportion to the amounts of their tax liens against said property as established in said judgment. . . ." (underscoring added).

In answer to your first question: One to whom these newspaper charges are due may elect to proceed for their collection under Art. 7333 or he may wait until the land is sold by the taxing units and be paid out of the proceeds of that sale. We explain this more fully in our answer to your third question.

We answer your second question: The county may not pay the proportionate part of these charges which are imposed upon the State by the clear language of Art. 7333.

In answer to your third question:  The proportionate part
of these charges due by the State may be paid in either of two
ways.  First:  Pursuant to Article 7333, by presentation of claim
to the Legislature.  We know of no provisions in the present
appropriation bill nor of any other funds now available to the
State for payment of the State's proportionate liability,.  Second:
In the event the land should be sold prior to payment authorized
by the Legislature pursuant to Article 7333, then the State's
proportionate part of these charges may be paid out of its pro-
portionate part of the proceeds of the sale of the land in ac-
cordance with the provisions of Art. 7345b, Section 9 (supra).

Summarily stated, we hold that Art. 7333 imposes a liability
upon the State in addition to, and not exclusive of, the liability
for payment of these charges out of the proceeds of sale of the
land as provided for in Art. 7345b, Sec. 9.  Our reasoning in
support of this conclusion follows.

The items "all charges due newspapers for the publishing
of citations and notices of sheriff's sale" covered by Art. 7333
clearly are a particular class and a subgroup of the more general
kind of items, denominated by the above quoted provisions of Art.
7345b, Section 9, as "costs and expenses" and as "costs and ex-
penses of court and of sale."

Art. 7345b, Section 9 was last amended in 1947, and Article
7333 was last amended in 1951.

With respect to these charges due newspapers, Art. 7333 is
an exception to the more general provisions of Art. 7345b, Sec-
tion 9.  Clearly these two statutes are in pari materia.  The
following rules of statutory construction are applicable:

> "Under the rules of statutory construction,
> statutes in pari materia should be construed
> together and where one statute deals with a
> subject in general terms and another deals
> with a part of the same subject in a more
> detailed way, the two should be harmonized,
> if possible."  Culver v. Miears, 220 S.W.2d
> 200 (Civ.App. 1949, error ref.)

> "'It is a fundamental rule that where the
> general statute, if standing alone, would in-
> clude the same matter as the special act, and
> thus conflict with it, the special act will

be considered as the exception to the general statute, . . .'" Hallum v. Texas Liquor Control Board, 166 S.W.2d 175 (Civ.App. 1942, error ref.)

The 1951 amendment to Article 7333 added the exception clause which is:

> "except that where the State or other taxing unit is the successful bidder at the tax sale, all charges due newspapers for the publishing of citations and notices of sheriff's sale shall be paid by the county and State and other taxing units in proportion to the taxes adjudicated to each." (underscoring added.)

In view of this new liability imposed by the 1951 amendment, the repealing Section of this amending Act, which states

> "All laws and parts of laws in conflict with this Act are hereby repealed to the extent of such conflict",

clearly refers to prior laws which prohibited liability of the ". . . county and State and other taxing units. . ." for these newspaper charges. In other words, the laws repealed must be restricted to those laws which would conflict with the new relief granted by this amendment. Also, this construction harmonizes the emergency provisions of the amending Act, being Sec. 4, which states

> "The fact that existing statutes do not provide for the payment of such charges, creates an emergency. . .".

Again, this provision when limited in its reference to the new relief granted by this Act, and to the existing statutes and the fact that they did not provide for liability of "the county and State and other taxing units" for these charges is literally correct.

If these newspaper charges are restricted to payment by the Legislature only they would be discriminated against by having to wait until the next session of the Legislature, and further by being made contingent upon an appropriation by a subsequent Legislature for their payment.

But the evident purpose was to grant some kind of preference in payment of these charges. This was by means of the additional liability for their payment. This purpose is clearly stated in Attorney General Opinion No. V-1453 (1952) which states that Art. 7333

> ". . . was passed to ameliorate the hardship that might sometimes result from the <u>long delay</u> in the collection of publication costs where one of the taxing units became the purchaser at the first sale. . . ." (underscoring added).

That opinion further stated with reference to the new liability imposed by the 1951 amendment to Art. 7333

> ". . . that prior to the enactment of Senate Bill 431, Acts 52nd Leg., R.S. 1951, ch. 334, p. 576, amending Article 7333, V.C.S., there was no law that made the State or county liable for publication costs in delinquent tax suits. . . ."

In so far as the following prior opinions of the Attorney General may conflict with this opinion, they are overruled: Nos. 0-6434 (1945), 0-6352 (1945), 0-3089 (1941), 0-1695 (1940) and 0-1593 (1939). These conflicts arise because of amendments to Arts. 7333 and 7345b, Section 9, subsequent to these opinions.

## S U M M A R Y

1. One to whom newspaper charges for publishing citations and notices of sheriff's sale in suits for delinquent ad valorem taxes are due may invoke the provisions of Art. 7333 and make claim to the Legislature for payment of his charges; or such publisher may wait until the land is sold by the taxing units who purchased it at delinquent ad valorem tax foreclosure sale for payment of his charges under Art. 7345b, Section 9.

2. No county can pay the proportionate part of these newspaper charges imposed by Art. 7333 upon the State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. E. Allen

W. E. Allen
Assistant

WEA:rk

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gordon Zuber
Bob Patterson
Frank Booth
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore