

# THE ATTORNEY GENERAL
## OF TEXAS

March 16, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Dennis Thomas
Chairman
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
 Suite 400N
Austin, Texas   78757

Opinion No. JM-645

Re:   Whether the Public Utility
Commission may grant a temporary
stay to an order entered by a
hearing examiner without holding
a public meeting

Dear Mr Thomas:

You ask two questions about the power of the Public Utility Com-
mission to take certain actions without violating the Open Meetings
Act, article 6252-17, V.T.C.S.

Your first question is as follows:

> 1. Pursuant to the provisions of the Open
> Meetings Act, can any or all of the three commis-
> sioners, acting independently and without deli-
> beration as defined in section 1(b) of the Open
> Meetings Act, sign an order or orders staying the
> effect of an order entered by a hearings examiner
> in a docketed case, pending an opportunity for
> the commissioners to consider an appeal of the
> hearings examiner's order in a properly noticed
> open meeting?

You state that it is common practice for hearings examiners and
administrative law judges to enter interim or procedural orders during
a contested administrative proceeding at the Public Utility Com-
mission.  On occasion, an aggrieved party will appeal one of these
orders to the commission.  A procedural rule of the commission
specifically provides for the appeal of interim orders:

> (a) Relief through written interim orders.
> Prior to any final order of the commission,
> a party or the staff may see[k], through an
> examiner, relief through a written interim order,
> but that order shall not be considered of the same
> nature as a final decision.  Furthermore, an
> interim order shall not be subject to exceptions
> or application for rehearing, but any party
> aggrieved by the interim order may file an appeal

> from the examiner's ruling to the commissioners by
> filing written notice within 10 days of the rendi-
> tion of the order. Such appeal may seek a stay of
> the interim order. The commissioners shall rule
> on the interim order within 15 days of the filing
> of the appeal, and pending such ruling may grant a
> stay of the interim order. If the commissioners
> do not rule on the appeal within 15 days of its
> filing, or extend the time for ruling, the interim
> order is deemed approved and any granted stay is
> lifted. (Emphasis added).

16 T.A.C. §21.106(a) (1983).

You contemplate that the hearings division, upon receiving a notice of appeal and motion for a stay, would draft an order granting the stay and circulate it to the individual commissioners for their approval or denial. If two commissioners signed the requested order, the stay would be granted. You ask whether the commissioners may approve a stay in this manner without violating the Texas Open Meetings Act, article 6252-17, V.T.C.S.

The Open Meetings Act provides that the meetings of governmental bodies shall be preceded by public notice and shall be open to the public. "Meeting" is defined as

> any deliberation between a quorum of members of a
> governmental body at which any public business or
> public policy over which the governmental body has
> supervision or control is discussed or considered,
> or at which any formal action is taken.

V.T.C.S. art. 6252-17, §1(a). The Open Meetings Act does not, however, state what decisions must be made by a commission acting as a body, rather than by individual commissioners acting independently. This issue is governed by other law.

In Webster v. Texas & Pacific Motor Transport Co., 166 S.W.2d 75 (Tex. 1942), the Supreme Court held that a permit to act as a common carrier was not validly granted to the Texas & Pacific Motor Transport Company because it was approved by only two commissioners at an informal unscheduled meeting without notice to the third commissioner. The court stated as follows:

> It is a well established rule in this state, as
> well as in other states, that where the Legisla-
> ture has committed a matter to a board, bureau, or
> commission, or other administrative agency, such
> board, bureau, or commission must act thereon as a
> body at a stated meeting, or one properly called,
> and of which all the members of such board have
> notice, or of which they are given an opportunity

> to attend.  Consent or acquiescence of, or agree-
> ment by the individual members acting separately,
> and not as a body, or by a number of the members
> less than the whole acting collectively at an un-
> scheduled meeting without notice or opportunity of
> the other members to attend, is not sufficient.
> (Emphasis added).

166 S.W.2d at 76.

In our opinion, the rule stated in Webster also applies to the proposed procedure of the Public Utility Commission. We acknowledge that article 1446c, V.T.C.S., the Public Utility Regulatory Act, does not expressly require the commission to act on requests to stay an interim order.  Such stays are authorized by a commission rule, adopted under the commission's broad rule-making power.  See V.T.C.S. art. 1446c, §16(a); 16 T.A.C. §21.106(a) (1983).  Nonetheless, the statute provides that

> [a] majority of the commissioners shall constitute
> a quorum for the transaction of any business, for
> the performance of any duty, or for the exercise
> of any power of the commission.

V.T.C.S. art. 1446c, §12.  This provision places in the commission as a body the authority to exercise any power of the commission.  See Webster v. Texas & Pacific Motor Transport Co., 166 S.W.2d 75, 76 (Tex. 1942).

In our opinion, section 12 of article 1446c, V.T.C.S., requires the commission to act as a body to exercise the power to stay interim orders, even though this power derives from a rule promulgated by the commission.  If the commission acts as a body, then it must do so in a meeting conducted in accordance with the requirements of the Open Meetings Act.  Cf. Attorney General Opinion MW-32 (1979) (procedure of Air Control Board permitting individual members to request executive director to place an item on the agenda does not violate Open Meetings Act).

Your request letter points out practical difficulties stemming from the requirement that the commission act on a request to stay an interim order in a meeting called and conducted according to the Open Meetings Act.  You state that a meeting to stay a hearing examiner's order would probably have to be held on an emergency basis to prevent the issue from becoming moot.  The commission could solve this practical problem by authorizing the hearing examiner or a single commissioner to grant a stay until the commission could hear the appeal.  Since the commission has placed this power with itself and has not delegated it to another commission officer or employee, it must exercise the power as a body according to section 12 of article 1446c, V.T.C.S.

Your second question is:

> Pursuant to the provisions of the Open Meetings
> Act, can the commissioners meet in closed session,
> or in a meeting open only to parties to a docketed
> proceeding who have signed a protective order in
> that proceeding agreeing not to disclose certain
> documents to the public, for the purpose of
> reviewing the allegedly protected documents and
> hearing argument on why the documents should or
> should not be protected?

You state that rate and other proceedings before the commission frequently involve disputed claims of privilege or confidentiality. You wish to know if the commission can conduct an <u>in camera</u> review of the documents or exclude the general public from a meeting at which evidence and argument concerning the protectability of the documents will be presented and the subject matter of the documents is likely to be disclosed.

In our opinion, the commission may conduct an <u>in camera</u> review of documents or hold a closed meeting to decide a claim or privilege in a contested case in the same circumstances that a court may conduct an <u>in camera</u> review of allegedly privileged documents under the Texas Rules of Evidence and Texas Rules of Civil Procedure. Although the Open Meetings Act on its face appears to require that the commission decide claims of privilege in public, we conclude that the contested case procedural requirements in the Administrative Procedure and Texas Register Act (APTRA), article 6252-13a, V.T.C.S., creates an exception to the Open Meetings Act with regard to contested cases.

A commission meeting to decide claims of privilege falls within the broad requirement in the Open Meetings Act that "every regular, special, or called meeting or session of every governmental body shall be open to the public. . . ." V.T.C.S. art. 6252-17, §2(a). The commission is a governmental body within the meaning of the Open Meetings Act. See id. §1(c); see generally Attorney General Opinion MW-578 (1982). The commission engages in a "meeting" under the act whenever a quorum of the commission discusses whether documents in a contested case are privileged. See art. 6252-17, §1(a). None of the enumerated exceptions in the act exempts such a meeting from the requirement that it be public. Nor is a non-public meeting on claims of privilege "specifically permitted in the Constitution." Id. §2(a).

Contrary to this public meeting requirement in the Open Meetings Act, however, the APTRA requires that commission decisions on claims of privilege in contested cases be made by <u>in camera</u> review or in a closed meeting. Section 14(a) of the APTRA provides that, in contested cases:

> The rules of evidence as applied in nonjury civil
> cases in the district courts of this state shall

> be followed. . . . Agencies shall give effect to
> the rules of privilege recognized by law. . . .

In addition, section 14a(a) of the APTRA provides that discovery in contested cases is "subject to such limitations of the kind provided for discovery under the Rules of Civil Procedure. . . ."

The Texas Rules of Evidence and the Texas Rules of Civil Procedure require that the determination of claims of privilege or confidentiality be made in a non-public forum. The Rules of Evidence recognize various claims of privilege. See Tex. R. Evid. 501 et seq. The Rules of Civil Procedure authorize the issuance of protective orders to protect privileged matters as warranted during the course of discovery. Tex. R. Civ. Proc. 166b(4). Whenever resolution of a disputed claim of privilege necessitates review of the allegedly privileged documents themselves, the review must be conducted in camera. See Weisel Enterprises, Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986); Peeples v. Honorable Fourth Supreme Judicial District, 701 S.W.2d 635, 637 (Tex. 1985). The rationale for this requirement is self-evident: consideration of a claim of privilege should not occur in circumstances where the very act of consideration would render the claim moot. Cf. Maresca v. Marks, 362 S.W.2d 299 (Tex. 1962).

The Open Meetings Act's requirement that the commission consider claims of privilege in public obviously conflicts with APTRA's requirement that the commission consider such claims in private. When an apparent conflict between statutory provisions exists, it is a court's duty to resolve inconsistencies and effectuate the dominant legislative intent. Texas Department of Public Safety v. Schaejbe, 687 S.W.2d 727, 728 (Tex. 1985). To the extent that inconsistencies cannot be fully resolved, the more recent expression of legislative intent ordinarily governs. Brown v. Patterson, 609 S.W.2d 287, 289 (Tex. Civ. App. - Dallas 1980, no writ); see also City of Dallas v. Brown, 475 S.W.2d 833, 837 (Tex. Civ. App. - Dallas 1971, writ ref'd n.r.e.). In such instances, the more specific statutory provision as a general rule takes precedence over the general provision. Culver v. Miears, 220 S.W.2d 200, 203 (Tex. Civ. App. - Eastland 1949, writ ref'd); see also 53 Tex. Jur. 2d Statutes §186 (1964 & Supp. 1986).

Applying these basic principles of statutory construction, we conclude that the legislature intended sections 14 and 14a of the APTRA to require agency consideration of claims of privileges in contested cases on an in camera basis, notwithstanding the general public meeting requirement in the Open Meetings Act. Sections 14 and 14a of the APTRA, specifically mandate that in contested cases state administrative agencies must follow the Texas Rules of Evidence and, even more specifically, must give effect to the evidentiary rules of privilege. As discussed, giving effect to the rules of privilege requires that any review of allegedly privileged documents occur in camera. In our opinion, the legislature must have intended that the broad public meeting requirement in the Open Meetings Act yield in the

narrow circumstance where, as here, a subsequently enacted statute specifically directs that particular meetings be closed to the public.

We stress that our conclusion is a narrow one, limited to the facts of this case. The commission may consider a claim of privilege in a closed meeting only when:  (a)  the claim is made in the course of a contested case proceeding under the APTRA, and (b) resolution of the claim requires examination and discussion of the allegedly privileged information. Thus, for example, even when a claim of privilege in a contested case necessitates review of the allegedly privileged document, it may well be possible for the commission to discuss and decide whether information in the document is privileged without revealing the substance of the information. See, e.g., Open Records Decision No. 306 (1982) (discussing why particular information constitutes a trade secret). In such a case, the Open Meetings Act requires that the commission deliberate and make its decision in public.

Moreover, the need to discuss the substance of allegedly privileged information does not necessarily require closing the deliberations in their entirety. Only that portion of the deliberations which would reveal the information can be closed; the remainder must be held in public.

We note, finally, that even when a closed meeting is unavoidable, the commission still must provide notice of the meeting and announce its final decision in public as required by the Open Meetings Act. V.T.C.S. art. 6252-17, §§2(a), 2(1), and 3A. See Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, 706 S.W.2d 956, 958-59 (Tex. 1986).

## S U M M A R Y

The Public Utility Commission must act as a body and is therefore subject to the Open Meetings Act, article 6252-17, V.T.C.S., when it decides to stay an order entered by a hearing examiner in a docketed case. The Administrative Procedure and Texas Register Act creates an exception to the Open Meetings Act with regard to contested cases. Decisions of the Public Utility Commission in claims of privilege in contested cases may be made by in camera review or in a closed meeting.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison and
Jennifer Riggs
Assistant Attorneys General