

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 7, 1989

Honorable Carl Parker
Chairman
Education Committee
Texas State Senate
P. O. Box 12069
Austin, Texas    78711

Opinion No. JM-1082

Re: Whether the board of trustees of a school district may enter into a loan contract with its depository bank if a trustee is a bank employee (reconsideration of Attorney General Opinion JM-583 (1986)) (RQ-1658)

Dear Senator Parker:

You ask whether the board of trustees of a school district may enter into a loan contract with its depository bank, and take subsequent action concerning the loan, if a board member is employed by the bank. Attorney General Opinion JM-583 (1986), in addressing a similar question, implied that such loan contracts were barred by the common law conflict of interest doctrine, which invalidates any contract between a governmental body and another entity if a member of the governmental body has a direct or indirect pecuniary interest in it. Attorney General Opinion JM-583 at 4, 7 (1986); see Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ); Attorney General Opinions JM-424 (1986); H-916 (1976). However, Attorney General Opinion JM-583 did not consider whether chapter 171 of the Local Government Code applied to such loan transactions. Your question requires us to reconsider the implication in Attorney General Opinion JM-583 that common law conflict of interest rules govern a school district's loan contract with its depository bank.

Our prior opinion dealt with section 23.75 of the Education Code, which modifies the common law by allowing a school district to enter into a depository contract with a bank in which a trustee is financially interested as a stockholder, officer, director, or employee. We concluded that section 23.75 was a special statute applicable to school district depository contracts and that it excepted such contracts from chapter 171 of the Local Government Code, a general provision regulating conflicts of interest of local public officials as a class. Thus, a school

trustee who has an interest in a depository bank as defined by section 23.75 may participate in decisions about the depository contract, without filing an affidavit stating his interest or recusing himself from participation in decisions about the depository contract in accordance with chapter 171 of the Local Government Code. We reaffirm this holding, which is limited to matters affecting the depository contract.

Attorney General Opinion JM-583 also discussed a second issue concerning section 23.75 of the Education Code. We concluded that section 23.75 did not permit a school district to borrow money from its depository bank if a trustee was a stockholder, officer, director, or employee of that bank, because there was a substantial difference between borrowing public funds from a depository bank and depositing funds in it. A prior opinion that did not make this distinction was overruled. See Attorney General Opinion M-331 (1969) (overruled by Attorney General Opinion JM-583); see also Attorney General Opinion H-649 (1975) (questioning Attorney General Opinion M-331).

Attorney General Opinion JM-583 ended with the conclusion that section 23.75 of the Education Code did not remove common-law prohibitions against loan transactions between a school district and its depository if a school trustee was also a stockholder, officer, director, or employee of the depository bank. The opinion does not expressly state that the common law barred such loan transactions, but it certainly implies this result.

On reexamining Attorney General Opinion JM-583, we realize that our discussion of the second issue was incomplete. We correctly determined that section 23.75 of the Education Code did not exempt loan transactions between a school district and its depository from common-law restrictions, but we also should have considered whether chapter 171 of the Local Government Code changed the law applicable to such loans. Chapter 171 modifies the common law conflict of interest doctrines applicable to all local officials and all kinds of transactions, while section 23.75 modifies the common law for school depository contracts only. See Acts 1987, 70th Leg., ch. 362, § 6, at 1800 (amending V.T.C.S. art. 988b, § 6, now codified as Local Gov't Code § 171.007). When two statutes deal with the same subject, one in general terms and the other in a more detailed way, they should be harmonized if possible. Culver v. Miears, 220 S.W.2d 200 (Tex. Civ. App. - Eastland 1949, writ ref'd).

School board members are "local public officials" subject to chapter 171 of the Local Government Code. Local Gov't Code § 171.001(1); Attorney General Opinion JM-379 (1985). Banks and other lending institutions are "business entities" within chapter 171. Attorney General Opinions JM-379 (1985); JM-178 (1984). In our opinion, chapter 171 of the Local Government Code applies to loan transactions between a school board and its depository bank. Thus, a school board is not barred by common law conflict of interest rules from entering into a loan contract with its depository bank when a board member is pecuniarily interested in the contract. A school board member with a "substantial interest" in the depository bank, Local Gov't Code § 171.002, must file an affidavit stating his interest and must abstain from participating in decisions on loan contracts with the depository if "action on the matter will have a special economic effect on the [bank] . . . that is distinguishable from the effect on the public." Acts 1987, 70th Leg., ch. 362, § 4, at 1799 (amending V.T.C.S. art. 988b, § 4, now codified as Local Gov't Code § 171.004). Attorney General Opinion JM-583 (1986) is modified in accordance with this opinion.

### S U M M A R Y

Chapter 171 of the Local Government Code applies to loan contracts between a school board and its depository bank if a school board member has a substantial interest in the bank. Section 23.75 of the Education Code applies to a depository contract between a school board and its depository bank in cases where a school board member is a stockholder, officer, director, or employee of the bank. Attorney General Opinion JM-583 (1986) is modified in accordance with this opinion.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General