COMMISSIONERS COURT OF HARRIS COUNTY et al., Appellants,

v.

S. Grady FULLERTON, County Auditor of Harris County, Appellees.

No. 17520.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1980.

Rehearing Granted Jan. 31, 1980 (Written Opinion).

Rehearing Denied Feb. 28, 1980.

Fulbright & Jaworski, James C. Slaughter, Houston, for appellants.

Sears & Burns, Will Sears, Houston, for appellees.

DOYLE, Justice.

This is an action for mandamus, injunction and declaratory relief brought by appellee, the County Auditor of Harris County, S. Grady Fullerton (county auditor) against appellants, individually and as the Commissioners Court of Harris County, composed of Jon Lindsay, County Judge of Harris County, and Commissioners Tom Bass, Bob Eckels, Jim Fonteno, and E. A. Lyons, Jr. (commissioners court), involving a computer assigned to the county auditor's office, equipment and services necessary for the computer and the legal principles governing the rights and powers of the county auditor, the district judges and the commissioners court regarding purchasing of equipment for the county auditor's office. The commissioners court argues that it has the discretionary power and authority to limit the general budget of the county as set forth in Tex.Rev.Civ.Stat.Ann. art. 1666a (Vernon 1962). The county auditor contends that he alone is statutorily authorized to prescribe the system of accounting and provide himself with the necessary supplies and equipment to perform his duties within the limits of his budget and, absent an abuse of discretion, the commissioners court's approval of such supplies and equipment requests is purely ministerial. The trial court rendered judgment for the county auditor. We affirm.

While the facts upon which this controversy is based are virtually undisputed, we deem it important to review how the matter reached this court.

In 1977 the county auditor sent several letters to commissioners court requesting

certain improvements and equipment for a computer the auditor was currently using. In accordance with state law, the county auditor was required to submit these equipment requests to commissioners court which then solicits and approves bids for these purchases.

The auditor's request for equipment was tabled and never granted. In 1978, the county auditor sent a new request for equipment bids to commissioners court which was also tabled and never granted. During 1978, a new Harris County Administration building was completed and the county auditor moved to new offices in this building. His specially designed offices included space for his computer and associated equipment, supplies and records. As part of this move, the county auditor sent requests to the commissioners court to solicit bids for the transfer of the computer and for the enhancement and replacement of items needed for the computer, which the court refused. The commissioners court then ordered the county auditor to send his computer operations to the Harris County Data Processing System of Computers (HCDPS) and further ordered that the county auditor's present computer be sold. HCDPS is a separate department of Harris County created by commissioners court and under its sole control to the exclusion of any control by the county auditor. To date, the county auditor's computer is still located in his old offices at the Harris County Criminal Court building and each day the county auditor's employees must travel between the administration building and the old office to perform the tasks necessary to operate the county auditor's business.

In November 1978, the county auditor submitted his proposed 1979 budget including salaries for personnel and expenditures, equipment and various office supplies necessary for the proper functioning of his office and duties, to the district judges, who approved same in the amount of $3,973,-374.00. The approved budget was then included in the Auditor's General Budget which was submitted to commissioners court.

The commissioners court subsequently deleted certain equipment and supplies from the county auditor's budget and reduced it by an amount of $380,324.00. The deleted equipment, the basis for this suit, includes computer enhancement items, maintenance and transfer service of the computer, temporary key punch operator help, and lease of software programs and disk packs. On January 29, 1979, the county auditor presented six orders to commissioners court again requesting the disputed services and equipment, to which the commissioners court responded by adopting an order that such contracts and services would be continued only through March 31, 1979, and that all vendors be notified of this termination date. The commissioners court subsequently extended this termination date until July 31, 1979. On February 22, 1979, the county auditor brought suit on this order alleging that these acts by the commissioners court were illegal and praying for the following relief: (1) that commissioners court be restrained from attempting to enforce its order of January 31, 1979; (2) that a writ of mandamus issue compelling commissioners court to procure the equipment necessary for the proper functioning of the county auditor's office as requested in his budget and approved by the district judges; (3) that commissioners court be prohibited from selling the county auditor's computer and forcing the county auditor to use the HCDPS computers; (4) that the court issue a writ of mandamus compelling the commissioners court to not terminate the contracts for services and equipment presently in force, and (5) that the commissioners court be restrained from interfering with the extension of the county auditor's contracts through 1979. Additionally, the county auditor sought a declaratory judgment to determine the autonomy of the county auditor's office versus the scope of control, if any, which the commissioners court may exercise over the county auditor's office, particularly involving purchases of equipment and transference of the county auditor's records to any other department or agency in Harris County.

Trial was to a jury. The adduced evidence followed the county auditor's pleadings. He complains that the commissioners court acted illegally by refusing to approve his budget, ordering his computer sold and attempting to force him to turn his records over to the HCDPS.

After both sides had rested, each requested that the case be withdrawn from the jury and each moved for a directed verdict. The trial court granted the county auditor's motion, directed a verdict in his favor and entered a judgment ordering the issuance of the writs of mandamus and injunction as prayed for by the county auditor. The judgment declared that when the county auditor, acting within the scope of his equipment budget approved by the district judges, determines that an item or items of equipment or of associated services is necessary for the proper functioning of the county auditor's office, the commissioners court has a ministerial duty to follow the lawful procedures to acquire such item or items at county expense, absent an abuse of discretion by the county auditor. It further provided that the commissioners court has no authority to order the county auditor to transfer any official financial records or equipment of his office to any other officer, agency or department of the government of Harris County.

In appealing from this judgment, commissioners court brings 42 points of error. Although the county auditor challenges these points as being multifarious, we think the points as submitted sufficiently acquaint the court with the nature of commissioners court's contention and find substantial compliance with Rule 418(b), T.R.C.P.; *Miller Management Co. Inc. v. State*, 159 S.W.2d 218 (Tex.Civ.App.-Galveston), aff'd 140 Tex. 370, 167 S.W.2d 728 (Tex.1943); Rule 422, T.R.C.P.

By its first 12 points of error commissioners court asserts that the trial court erred in finding that commissioners court did not have the authority to issue the orders contained in the judgment and that the commissioners court abused its discretion in so ordering.

Contrary to the contentions of both parties, we think the question before this court is whether the county auditor submitted a budget to commissioners court which was within the statutory guidelines prescribed by the Legislature, and whether the commissioners court abused its discretion in failing to approve such budget and in ordering other procedures by which the county auditor was to operate his office.

Commissioners court claims its authority to review, alter or reject the county auditor's budget for equipment and supplies is derived generally from art. V, § 18, Texas Constitution and specifically from art. 1666a, the relevant parts of which state:

*Art. V, § 18*

The Commissioners Court so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

*Art. 1666a*

. . . the budget as prepared by the County Auditor shall be acted upon by the Commissioners Court. The Court shall have authority to make such changes in the budget as in its judgment the facts and the law warrant and the interest of the taxpayers demand . .

The foregoing provisions standing alone would seem to give commissioners court a basis for its contention that it had the clear legal authority in its judgment or discretion to enter the orders and take the actions of which the county auditor complains. After a careful reading of Tex.Rev.Civ.Stat.Ann. articles 1645 through 1676 (Vernon 1962) and the amendments thereto, all of which pertain to commissioners court and the office of the county auditor, and particularly articles 1650, 1656 and 1656a, we have reached the conclusion that the Legislature, through statutory enactment, vested the commissioners court with the power to determine the reasonableness of the county auditor's budget. Especially is this true

with regards to the monetary outlay necessary to foster the budget's approval. Conceivably the county auditor's budget could call for the acquisition of a luxury model automobile when clearly a compact model would serve the declared purpose as well. Under such a situation, we think commissioners court would clearly have the authority to "make such changes in the budget as in its judgment the facts and the law warrant . . . ." This is true because commissioners court has general budgetary control over all budgets as prepared by the county auditor.

However, an entirely different situation arises when the county auditor, acting within the scope of his equipment budget (we do not reach the question of whether such budget requires the approval of the district judges) determines that an item or items of equipment or of associated services is necessary for the proper functioning of his office. Once such a determination is made by the county auditor, the commissioners court must ministerially take the proper legal steps to procure such item or items unless it finds that the county auditor abused his discretion. This mandate arises by virtue of the 1905 enactment of the Legislature of the State of Texas in S.B. No. 258, which became art. 1650, creating the office of county auditor and prescribing the duties and compensation of said office. The purpose for the county auditor's office was to oversee the books and records of all officers of the county and to provide a uniform system of accounting for all county finances. Included in this law was section 5 stating:

> The auditor shall at the expense of the county provide himself with all necessary ledgers, books, records, blanks and stationery, and shall also have the power to appoint additional clerical help when needed, with the consent of the county judge or of the commissioners court. Tex. Laws 1905, ch. 161.

In 1935, art. 1650 was amended and the old section 5 was incorporated and rewritten stating:

> The County Auditor shall be authorized to provide himself with all necessary ledgers, books, records, blanks, stationery, equipment, telephone and postage at the county's expense, but all purchases thereof shall be made in the manner provided for by law.

Today in article 1650, the exact wording of the 1935 amendment is repeated. In articles 1656 and 1656a, the legislature further provides that the county auditor shall prescribe the accounting methods for the county and the forms and rules to be used by all county personnel regarding all county moneys.

We think it significant to note that prior to the 1935 amendment, art. 1650 made no mention of "equipment" in itemizing the supplies with which the county auditor should provide himself and his power to appoint additional clerical help when needed was conditioned upon "the consent of the county judge or of the commissioners court." After the 1935 amendment of art. 1650, the Legislature withdrew the consent provision as to the appointment of deputies from the "county judge or of the commissioners court" and vested this authority in the "District Judge or District Judges." For the first time the article included "equipment" along with "all necessary ledgers, books . . . at the county's expense."

From the foregoing statutory background has evolved the present office of county auditor, clothed with an impressive array of independent administrative duties and discretionary powers long recognized by our courts.

In *Southern Surety Co. v. Hidalgo County*, 125 Tex. 390, 83 S.W.2d 313 (1935), the Supreme Court of this state discussed the county auditor and his office:

> The office of county auditor is highly important under our scheme of local self-government. His selection is removed as far as possible from direct political influence by requiring his appointment at the hands of the district judges of the county. The statutory qualifications and oath prescribed for the incumbent of this office

are exceptional. He must be of unquestionable good moral character and intelligence, thoroughly competent in business details. He is required to take the usual official oath of office, and also an additional oath, in writing, stating he is in every way qualified under the provisions and requirements of the law relating to his office, the positions of public trust or private trust he has theretofore held, and the length of service under each. He is also required to include in his additional oath that he will not be personally interested in any contract with the county.

\*     \*     \*     \*     \*     \*

The foregoing resumé of the nature and duties of the office of county auditor is made for the purpose of showing not only what the statutory duties incumbent upon him are, but also as reflecting the power conferred upon him by the Legislature, and his obligations in consequence thereof, in the matter of safeguarding county funds.

In its brief, commissioners court argues that art. 1666a grants it the authority, without limitation, to make any changes in the items of equipment in the county auditor's budget that it deems necessary, unless this authority is withdrawn or limited by some other statute. Our disagreement with this conclusion is based on our interpretation of articles 1650, 1656 and 1656a, which we observe to give specific authority to the county auditor in matters relating to his determination and acquisition of items of equipment deemed necessary by him for the operation of his office. The general authority of commissioners court is set forth in art. 1666a. Therefore, we hold that these statutes are in pari materia. We see no conflict between the articles under discussion.

■ In the case of *Culver v. Miears*, 220 S.W.2d 200 (Tex.Civ.App.—Eastland 1949, error ref'd), the court stated:

Under the rules of statutory construction, statutes in pari materia should be construed together and where one statute deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized, if possible. However, if there is any conflict the latter will prevail, regardless of whether it was passed prior or subsequent to the general statute, unless it appears that the Legislature intended to make the general act controlling.

We think that articles 1650 and 1656a detail clearly that the county auditor is not only authorized to "prescribe the system of accounting for the county", but also "The County Auditor shall be authorized to provide himself with all necessary ledgers . . . equipment . . . ." If these statutory provisions mean anything other than what they plainly state, then who is to "prescribe the system of accounting" and who is to determine what equipment is necessary? It is difficult to envision that the Legislature would grant to the county auditor the authority to decide upon the system of keeping the county accounts and to provide himself with all necessary items including equipment, if it meant for commissioners court or some other branch of county government to exercise such authority. Such precise authority as is granted to the county auditor by these statutes does not deny commissioners court its right to exercise the general budgetary authority granted by art. 1666a. We think it is clear that when the county auditor presents his budget to commissioners court enumerating equipment which he deems necessary for the operation of his office, the commissioners court can review and reject his budget only to the extent that the specific cost of an enumerated item is excessive or unreasonable in its monetary demands upon county funds, available or to become available, subject to any abuse of discretion. Commissioners court cannot prescribe the system of accounting nor what equipment the county auditor must use in the operation of his office. Thus, the specific authority granted the county auditor by art. 1650 and 1656a prevails over the general authority conferred by 1666a to the extent herein explained. *Culver v. Miears*, supra. Commissioners court's first 12 points of error are overruled.

Points of error 13 through 29 are based on the assumption that the trial court's rulings and orders were predicated upon commissioners court's abuse of discretion in refusing the requests of the county auditor and in taking other actions at issue in this case. We are not at liberty to speculate on the exact basis of the trial court's judgment, except that in determining that a proper judgment was entered, we must find sufficient evidence to support the judgment. We shall now examine the acts and orders of commissioners court which the county auditor alleged, and the trial court found, constituted an abuse of discretion.

The facts are undisputed that in December, 1977, commissioners court refused to approve certain specified property, equipment, office supplies, rentals, fees and services requested and deemed necessary by the county auditor for the operation of his office, notwithstanding that funds were available for such items in the 1977 budget. From the record, there appears to be no evidence that this request was found to be excessive or unreasonable. The request was simply tabled and never granted. We think this act on the part of commissioners court was a clear abuse of discretion. Again on January 31, 1979, the county auditor's budget for 1979 containing substantially the same items of equipment and supplies necessary for the upgrading and maintaining of the county auditor's computer as previously requested, was in effect denied by commissioners court when it reduced that portion of the budget by $380,-324. Again there seems to have been no consideration of the county auditor's budget as to its necessity or reasonableness. Since the commissioners court had ordered the county auditor's computer sold, his computer operations transferred to HCDPS, and the computer rental agreements and related maintenance agreements discontinued, it is apparent that commissioners court intended to substitute its judgment as to how the county auditor's records would be kept in the future, what equipment would be necessary to effect this purpose and who would process the county auditor's various accounting requirements. We find that the orders by commissioners court covering the above actions were rescinded a few days before trial proceedings began, but such rescissions would be effective only until July 31, 1979. It is undisputed that HDCPS is a separate department of Harris County created by commissioners court. The county auditor has no control over its director nor personnel. These employees are answerable only to commissioners court. Here again we find the commissioners court has exceeded its authority over the county auditor's operations as outlined and prescribed by art. 1650 and particularly as set forth in art. 1656a and abused its discretion in making the subject orders. The county auditor, being a public officer, cannot delegate his official duties to another, other than his duly appointed deputies. Nor may he be compelled to turn over the custody of his records to any other person, persons or department, as commissioners court here seeks to have him do. This issue was squarely before the court in *Navarro County v. Tullos*, 237 S.W. 982 (Tex.Civ.App.—Dallas 1922, writ ref'd). In denying the commissioners court's writ to compel the county auditor to deliver the books, papers, accounts and warrants of his office to a firm of private auditors employed by the Dallas County commissioners court, the court held:

> That he (the county auditor) is an officer is beyond dispute. That he has official duties and powers prescribed by law will not be questioned. Among the lawful duties and powers possessed by him is to exercise control and custody of the records, papers, etc., of his office, and to supply the commissioners' court such information concerning the affairs of the county as to enable that body properly and efficiently to discharge its duties. These functions he cannot be required by mandamus or otherwise to delegate to some person, or set of persons, arbitrarily selected by the commissioners' court. In other words, the commissioners court may not deprive the duly constituted auditor of a county of the authority, right, and duties which inhere in his office and dele-

gate them to some other person, or set of persons, merely for the purpose of investigating acts and transactions of different county officials who have gone before and whose official careers have expired. The court further discussed the limits of commissioners court's power and authority as granted by the constitution and legislative enactments pertaining to the county auditor:

> The law providing for auditors and prescribing their duties, and necessarily corresponding rights, while it potently affects the commissioners' court in the exercise of its authority over county affairs, still leave that authority in the commissioners' court to be exercised by it, but to be exercised in its relation to the auditor only along the course of procedure prescribed by the Legislature. This is true notwithstanding that commissioners' courts are constitutional courts endowed with prescribed jurisdiction. The commissioners' court, therefore, does not possess the inherent, constitutional or statutory right to disregard the duly appointed auditor and employ other auditors at the county's expense to explore the records of his office for the purpose of obtaining information it is the duty of the county auditor to supply.

In its effort to meet its burden of showing that it did not abuse its discretion in making the orders of which the county auditor complained, the commissioners court has cited many authorities under the substantial evidence rule which it alleges would support its position under the evidence adduced in the case before us. This evidence consisted mainly of a detailed analysis of the central computer systems used in Texas by the county auditors of Dallas and Tarrant Counties and how the Harris County auditor's office could save the taxpayers money by using HCDPS and certain available security measures. However, we do not consider the main issue here involved to be that of savings and security of records, but whether the actions of commissioners court in its orders constituted an illegal intrusion upon the statutory powers and authority of the county auditor to the extent that he could not carry out the duties of his office. Points of error 13 through 29 are overruled.

■ Commissioners court argues in points of error 30 through 41 that the trial court erred in finding that the county auditor was entitled to injunctive relief. The record shows that prior to the trial, commissioners court rescinded several of its orders which, if imposed, would have seriously curtailed and interfered with the operation of the county auditor's office. That these orders were voluntarily withdrawn did not mean that in the absence of an injunction they could not have been reinstated at the will of commissioners court. Considering the entire record before it, there was ample evidence before the court that the acts complained of might recur. None of these points of error are meritorious and all are accordingly overruled.

Commissioners court's remaining point of error 42 complains that the trial court erred in entering a declaratory judgment which is "vague and ambiguous". We have read the injunctive clauses and the declaratory provisions of the trial court's judgment and conclude that they are clear. This remaining point of error is overruled.

Our review of the cases and statutory authorities outlined in both briefs leads us to the conclusion that the powers and authority granted to commissioners court and the county auditor by the constitution and Legislature may be exercised without disturbing the "delicate system of checks and balances" existing between commissioners court and the county auditor as discussed by the court in *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex.Civ.App.—Dallas 1976, writ dism'd). In the case before us, however, the undisputed evidence shows that the commissioners court exceeded its authority and hence abused its discretion in seeking to impose upon the county auditor the orders made the basis of this suit.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.

**580**

### On Motion For Rehearing

On appellants' motion for rehearing it has been pointed out that the opinion of this court is at variance with certain portions of the trial court's judgment and that we failed to determine whether the county auditor's budget required the approval of the district judges.

A portion of the trial court's judgment granting declaratory relief, states at Section (a):

". . . and that the Commissioners Court has no power or authority . . to revise or to veto the District Judges' approval of such equipment budget absent an abuse of discretion by the County Auditor; AND IT IS SO DECLARED;"

Section (b) states:

"That when the County Auditor, acting within the scope of his equipment budget approved by the District Judges, determines that an item or items of equipment or of associated services is necessary for the proper functioning of the County Auditor's office, the Commissioners Court has a ministerial duty to follow the lawful procedures to acquire such item or items at county expense absent an abuse of discretion by the County Auditor; AND IT IS SO DECLARED;"

It is undisputed that the controversial budget made the basis of this lawsuit was in fact approved by the Board of District Judges. The testimony of the county auditor shows that he annually submits his budget to the district judges for their inspection and approval as an established administrative practice. Since the county auditor and his assistants and their salaries are subject to the approval of the district judges, it is inescapable that the district judges must carefully review the county auditor's budget before they are able to intelligently exercise their duties imposed by article 1650.

However, we find no statutory authority requiring the district judges' approval of the county auditor's budget or granting the district judges any authority over his equipment budget. The county auditor does not claim this authorization by article 1650.

Therefore, we hold that the approval of the county auditor's budget by the district judges is not required.

To the extent that the trial court's judgment holds that commissioners court has no power or authority to revise or veto the district judges' approval of such equipment budget absent an abuse of discretion by the county auditor, as set out in Section (a) above, such judgment is modified to declare that when the county auditor presents his budget to commissioners court enumerating equipment which he deems necessary for the operation of his office, the commissioners court has the power and authority to review and reject his budget only to the extent that the specific cost of an enumerated item is excessive or unreasonable in its monetary demands upon county funds, available or to become available, subject to any abuse of discretion. The judgment is also modified to the extent that neither Section (b) quoted above, nor any other provisions of the judgment shall require the county auditor's budget to be approved by the district judges.

With these modifications, the judgment in all other particulars is affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.