

# The Attorney General of Texas

October 13, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-79

Re: Authority of commissioners court to refuse to approve hospital budget on grounds that it funds pregnancy termination clinic

Dear Mr. Driscoll:

You have requested our opinion regarding the authority of the Harris County Commissioners Court to refuse to approve the budget of the Harris County Hospital District.

The operation of the Harris County Hospital District is governed by article 4494n, V.T.C.S., which provides in section 8 the following:

> Sec. 8. Once each year, as soon as practicable after the close of the fiscal year, the Administrator of the Hospital District shall report to the Board of Managers, the Commissioners Court, the State Board of Health and the State Comptroller a full sworn statement of all moneys and choses in action received by such Administrator and how disbursed or otherwise disposed of. Such report shall show in detail the operations of the District for the term. Under the direction of the Board of Managers, he shall prepare an annual budget which shall be approved by the Board of Managers and shall then be presented to the Commissioners Court for final approval. In like manner all budget revisions shall be subject to approval by the Commissioners Court. (Emphasis added).

In Attorney General Opinion MW-15 (1979), this office construed article 5142b, V.T.C.S., regarding the budget submitted by a juvenile board. That statute provided the following in pertinent part:

> Section 5. The compensation of all probation officers shall be fixed by the Juvenile Board

> subject to the approval of the County Commis-
> sioners Court . . . .

The opinion concluded that section 5 of article 5142b authorized the El Paso County Commissioners Court to decline to approve a budget for compensation of juvenile probation officers submitted by the county juvenile board.

In Attorney General Opinion H-908 (1976), this office held that salaries for assistants and investigators fixed by a prosecuting attorney must be approved by the commissioners court in order to become effective. The language of the statute was identical to that considered in Attorney General Opinion MW-15. The opinion noted:

> The relevant language of article 332a, section 5, is unambiguous and can be read in harmony with the entire statute without departing from its plain meaning. The statute makes prosecuting attorneys responsible for personnel matters -- hiring, removal and setting salaries and travel expenses . . . . It makes the commissioners court responsible for financial matters -- approving the prosecutors' salary and travel expense proposals, and providing for office expenses . . . .

In our opinion, article 4494n is similar to the statutes construed in Attorney General Opinions MW-15 and H-908. It authorizes the administrator and board of managers of a hospital district to propose and submit a suggested budget. But it accords to the commissioners court the right of "final approval."

It has been suggested that two judicial decisions require a different result. Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.), was discussed in Attorney General Opinion MW-15. That case, involving appointment of adult probation officers under section 10 of article 42.12 of the Code of Criminal Procedure, concluded that a commissioners court was not authorized to reject a budget submitted by a district judge unless the budget was so unreasonable, arbitrary or capricious as to amount to an abuse of discretion. Attorney General Opinion MW-15 declared:

> The language relating to the commissioners court's duty in [Martin] was ambiguous, and... the courts relied on the rest of the act to ascertain the legislative intent. The statute specifically indicated that this purpose was to place responsibility for probation supervision wholly within the state courts. There is neither a

similar ambiguity in article 5142b nor similar
language which would broaden the responsibility of
the juvenile board.

In Commissioners Court of Harris County v. Fullerton, 596 S.W.2d
572 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.),
the Harris County auditor had submitted an equipment budget to the
commissioners court. The commissioners rejected specific items of
equipment and reduced the budget by $380,000. The court held that,
once the auditor makes a determination that a particular item of
equipment is necessary for the proper functioning of his office, the
commissioners must ministerially take the proper legal steps to
provide that equipment "unless it finds that the county auditor abused
his discretion." Id. at 576. The decision was based, however, on
article 1650, V.T.C.S., which authorizes a county auditor "to provide
himself with all necessary ledgers, books, records, blanks,
stationary, equipment, telephones and postage at the county's
expense."

Under the court's reasoning in Fullerton, the commissioners court
would be obliged to ministerially approve only those items in the
hospital district's budget which article 4494n, or some other statute,
specifically authorized. Since no statute specifically authorizes a
hospital district to make the expenditures about which you inquire, we
must conclude, on the authority of Attorney General Opinions MW-15 and
H-908, that the commissioners court is the body ultimately responsible
for the financial affairs of the county, and that, as such, it is
empowered to reject any budget submitted by the hospital district.
Nor do we believe that any statute requires the commissioners court to
specify the reason for its disapproval. We make no determination, of
course, regarding what is advisable in the interests of sound
administrative practice.

### S U M M A R Y

The commissioners court of Harris County,
pursuant to its right of "final approval" of the
budget of the Harris County Hospital District, is
empowered to reject any budget submitted by the
hospital district.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Susan Garrison
Jim Moellinger
Bruce Youngblood