Honorable David W. Wallace Sutton County Attorney P.O. Box 1508 Sonora, Texas 76950
Re: Whether a commissioners court may set the office hours of the county auditor
Dear Mr. Wallace:
In Attorney General Opinion JM-182 (1984), we concluded that the commissioners court of Lampasas County, a county with a population of less than 8,000 people, does not have authority to establish office hours for other elected county officials. You ask whether the commissioners court of Sutton County, a county with a population under 5,000, has authority to establish office hours for the office of county auditor, an appointed office. We answer your question in the negative.
The office of county auditor and the method of appointment, the qualifications therefor, and the duties thereof are governed by articles 1645 et seq., V.T.C.S. Authority to appoint the county auditor and to determine his salary is reposed in the judges of the district courts having jurisdiction in the county. V.T.C.S. arts. 1645-1647. There is no provision, however, which purports to repose authority for setting the office hours of the county auditor in the district judges who apoint him. You ask specifically whether such authority is reposed in the commissioners court. We have found no statute which purports to do that in the situation you describe. See Commissioners Court of Harris County v. Fullerton, 596 S.W.2d 572 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.); Smith v. McCoy,533 S.W.2d 457 (Tex.Civ.App.-Dallas 1976, writ dism'd) (both cases discuss authority and duties of county auditor and those of commissioners court).
As we noted in Attorney General Opinion JM-182 (1984), there is no statute generally applicable to all counties which sets forth the office hours or the work week or which empowers a commissioners court to set such office hours to be observed by county officials and employees. In counties with a population of 500,000 or more, the commissioners court has explicit authority to adopt
 rules and regulations governing the hours of work, vacations, holidays, sick leave, medical care, hospitalization, compensation and accident insurance, and deductions for absences [for certain specified employees]. . . . (Emphasis added).
V.T.C.S. art. 2372h, § 1. Section 6 of article 2372h extends the reach of such rules and regulations to the county auditor and his assistants if such rules are adopted by a majority of the judges of the district courts of the county. A second statute permits counties with a population over 200,000 to establish a civil service commission which has the authority inter alia to adopt rules relating to the "rights, benefits, and working conditions" of county employees which we believe may include the authority to set office hours. V.T.C.S. art. 2372h-6, § 8(a)(7); see also V.T.C.S. arts. 2372h-8 (sheriff's department civil service system in counties of more than 950,000 population). Other statutes of narrow applicability govern the 5165.1, 5167a. See also Elec. Code § 12.004 (office of county elections administrator required to remain open on election day); V.T.C.S. art. 5165a (full-time state employees required to work 40 hours per week; normal state office hours set at 8:00 a.m. to 5:00 p.m., Monday through Friday).
There is, however, no statute generally applicable to all counties which purports either to set the office hours of county personnel or to empower the commissioners court specifically to set the office hours of the county auditor. We do not address the authority of the district judges to do so. See Attorney General Opinion JM-49 (1983). Neither articles 2372h nor 2372h-6, V.T.C.S., applies because Sutton County does not possess the minimum population requisite. Relying upon the oft-cited authority of Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948), for the proposition that a commissioners court has only that authority which is conferred upon it either explicitly or by necessary implication by the state constitution and statutes, we conclude that the commissioners court of Sutton County does not have authority to set the office hours of the county auditor.
 SUMMARY
The commissioners court of Sutton County does not have the authority to set the office hours of the office of county auditor.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General