

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable David W. Wallace
Sutton County Attorney
P. O. Box 1508
Sonora, Texas    76950

Opinion No. JM-440

Re: Whether a commissioners court may set the office hours of the county auditor

Dear Mr. Wallace:

In Attorney General Opinion JM-182 (1984), we concluded that the commissioners court of Lampasas County, a county with a population of less than 8,000 people, does not have authority to establish office hours for other elected county officials. You ask whether the commissioners court of Sutton County, a county with a population under 5,000, has authority to establish office hours for the office of county auditor, an appointed office. We answer your question in the negative.

The office of county auditor and the method of appointment, the qualifications therefor, and the duties thereof are governed by articles 1645 et seq., V.T.C.S. Authority to appoint the county auditor and to determine his salary is reposed in the judges of the district courts having jurisdiction in the county. V.T.C.S. arts. 1645-1647. There is no provision, however, which purports to repose authority for setting the office hours of the county auditor in the district judges who appoint him. You ask specifically whether such authority is reposed in the commissioners court. We have found no statute which purports to do that in the situation you describe. See Commissioners Court of Harris County v. Fullerton, 596 S.W.2d 572 (Tex. Civ. App. – Houston [1st Dist.] 1980, writ ref'd n.r.e.); Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. – Dallas 1976, writ dism'd) (both cases discuss authority and duties of county auditor and those of commissioners court).

As we noted in Attorney General Opinion JM-182 (1984), there is no statute generally applicable to all counties which sets forth the office hours or the work week or which empowers a commissioners court to set such office hours to be observed by county officials and employees. In counties with a population of 500,000 or more, the commissioners court has explicit authority to adopt

> rules and regulations governing the hours of work, vacations, holidays, sick leave, medical care, hospitalization, compensation and accident

insurance, and deductions for absences [for certain specified employees]. . . . (Emphasis added).

V.T.C.S. art. 2372h, §1. Section 6 of article 2372h extends the reach of such rules and regulations to the county auditor and his assistants if such rules are adopted by a majority of the judges of the district courts of the county. A second statute permits counties with a population over 200,000 to establish a civil service commission which has the authority inter alia to adopt rules relating to the "rights, benefits, and working conditions" of county employees which we believe may include the authority to set office hours. V.T.C.S. art. 2372h-6, §8(a)(7); see also V.T.C.S. art. 2372h-8 (sheriff's department civil service system in counties of more than 950,000 population). Other statutes of narrow applicability govern the hours of work for persons employed by a county. See, e.g., V.T.C.S. arts. 5165.1, 5167a. See also Elec. Code §12.004 (office of county elections administrator required to remain open on election day); V.T.C.S. art. 5165a (full-time state employees required to work 40 hours per week; normal state office hours set at 8:00 a.m. to 5:00 p.m., Monday through Friday).

There is, however, no statute generally applicable to all counties which purports either to set the office hours of county personnel or to empower the commissioners court specifically to set the office hours of the county auditor. We do not address the authority of the district judges to do so. See Attorney General Opinion JM-49 (1983). Neither articles 2372h nor 2372h-6, V.T.C.S., applies because Sutton County does not possess the minimum population requisite. Relying upon the oft-cited authority of Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948), for the proposition that a commissioners court has only that authority which is conferred upon it either explicitly or by necessary implication by the state constitution and statutes, we conclude that the commissioners court of Sutton County does not have authority to set the office hours of the county auditor.

## S U M M A R Y

The commissioners court of Sutton County does not have the authority to set the office hours of the office of county auditor.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General