

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 27, 1990

Honorable Terry D. McEachern
District Attorney
Hale County Courthouse
Plainview, Texas 79072

Opinion No. JM-1275

Re: Authority of a county auditor to prescribe a computerized accounting system for elected county officials (RQ-2058)

Dear Mr. McEachern:

You ask whether a county auditor is authorized to prescribe a particular computerized accounting system, including hardware and software, for the accounts of all elected county officials. You suggest that a county auditor serving a county with a population of less than 190,000 may impose such a requirement pursuant to section 112.001 of the Local Government Code.[1]

The facts presented to us by your office and the office of the county tax assessor-collector are as follows. The county has begun installation of a central computer mainframe to handle all computer operations of the district, county and commissioners courts, and the offices of the district attorney, county auditor, county clerk, district clerk, juvenile probation department, and adult probation department. The office of the county tax assessor-collector has a separate system. You ask whether a county auditor can impose a computer accounting system upon the accounts of elected offices of county government, especially with regard to a county tax assessor.

Section 112.001 of the Local Government Code provides the following:

> In a county with a population of less than 190,000, the county auditor may adopt and enforce regulations, not inconsistent with

---

1. You advise us that Hale County has a population of less than 190,000.

> law or with a rule adopted [by the Comptrol-
> ler of Public Accounts] under Section
> 112.003, that the auditor considers necessary
> for the speedy and proper collecting, check-
> ing, and accounting of the revenues and other
> funds and fees that belong to the county.

You note that this provision allows the implementation of the various duties of the county auditor to audit and oversee county finances, particularly the duties imposed by sections 112.006, 115.001, and 115.002 of the Local Government Code.

Section 112.001 must be contrasted, however, with section 112.002 of the Local Government Code, which describes the authority of the county auditor in a county with a population of 190,000 or more. The latter provision expressly authorizes the auditor in the larger counties to adopt the system of accounting for the county. Section 112.001 contains no comparable grant of authority.

In Attorney General Opinion JM-1099 (1989) we concluded that auditors in counties with fewer than 190,000 inhabitants may require county officers to supply basic information that is necessary to the accomplishment of the auditor's statutory duties. Auditors in all counties are authorized to prescribe financial procedures and internal accounting controls for their counties. See Attorney General Opinions M-579 (1970); C-276 (1964). These opinions, which dealt primarily with procedures concerning the custody and control of county funds, demonstrate that the county auditor is entitled to ask for necessary information in a form that reasonably accommodates the auditor's needs, so long as it is not inconsistent with a rule or form adopted by the Comptroller of Public Accounts pursuant to section 112.003. See Attorney General Opinion JM-1099 (1989). Furthermore, the rules adopted by the auditor should not unreasonably infringe on the duties of other county officers.

If the auditor has determined that information regarding county finances can best be transmitted and processed through the use of particular computer programming, we believe other county offices that have compatible computer equipment are under a duty to comply with that determination by installing compatible programming in their departments. Accordingly, we believe a county auditor serving a county with a population of less than 190,000 may adopt and enforce regulations pursuant to section 112.001 that incidentally require the use of specified computer programming, so long as such rules are not inconsistent with law or a rule or form adopted by the comptroller under section 112.003.

However, the auditor may not, as you contend, dictate which equipment county officers shall use. Such a determination is appropriately reserved for the commissioners court in the exercise of its discretion in approving budgets and making contracts for the purchase of equipment and supplies for the county.

In support of your contention, you cite Commissioners Court of Harris County v. Fullerton, 596 S.W.2d 572 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.), where it was held that the commissioners court was under a ministerial duty to supply the county auditor with whatever equipment the auditor determined was necessary for the proper functioning of his office unless the commissioners court found that the auditor had abused his discretion. The case concerned the commissioners court's refusal to supply the auditor with computer equipment of the auditor's specification and various orders of the court requiring, among other things, the sale of the auditor's computer equipment and the transfer of computer operations of the office to a department created by the commissioners court and under its control. The court found that the auditor's duty to prescribe accounting methods, forms and rules regarding county money, in conjunction with the authority granted by former V.T.C.S. article 1650 (now section 84.901 of the Local Government Code), supplied ample authority for its conclusion. Article 1650, however, at the time provided that the auditor could provide himself with all necessary equipment at the county's expense. Thus, we are not convinced that the case supports the proposition that the auditor may order other county officers to use computer equipment of the auditor's specification in the conduct of the affairs of their offices.

Two other issues concerning your request have been brought to our attention by a county tax assessor-collector and the Secretary of State's office. The first is whether the auditor may, through specific programming of the county computer system, obtain immediate, unobstructed, and unsupervised access to the records of elected county officers that are stored in the computer system. We conclude that the auditor may not acquire such access. The second concerns the maintenance of voter registration information on computer by the tax assessor-collector in her capacity as registrar of voters.

We are informed that the computer system is supervised by the district clerk's office. As you describe it, the system is programmed to allow each office to conduct its own business, but it also permits the county auditor to "collect, check, and account for revenues and other funds received by county or district officers." We assume this

means that the computer is programmed to allow the county auditor to obtain immediate, unobstructed, and unsupervised access to information collected and maintained by other offices that is transmitted to the central computer. The county tax assessor-collector has expressed misgivings about this feature of the computer system.

Section 112.006 of the Local Government Code provides that the auditor has "general oversight" of the books and records of a county, district, or state officer authorized or required by law to receive money or property belonging to the county or intended for its use. Section 115.001(1) grants the auditor "continual access" to the "books, accounts, reports, vouchers, and other records of any officer." The auditor is under the duty to carefully examine and investigate the correctness of these records and reports. Local Gov't Code §§ 115.001; 115.002.

Sections 112.006 and 115.001 date back to 1905, when the substance of these provisions was included in the enactment first creating the office of county auditor. See Acts 1905, 29th Leg., ch. 161, at 381. Obviously, the legislature could not then have foreseen the development of technology that would allow the county auditor to take literally the grant of continual access to the records of county officers. This office has previously declined to pass on the manner in which the auditor exercises his or her duties under section 115.001. See Attorney General Opinions O-6260 (1944); O-2734-A (1940). However, this office has previously determined that these provisions do not grant the county auditor immediate or unlimited access to the records of county officers and do not divest county officers of reasonable control over the information maintained in the pursuit of their official duties.

Attorney General Opinion WW-154 (1957) concluded that "continual access" means that the auditor may be present in office of the county officer whose records are to be examined at all times when that office is in operation. It also determined that in the absence of statutory authorization or the permission of the county officer, the auditor could not remove the records from the office for inspection. The county officer could therefore prevent the auditor from physically removing the records.

Similar reasoning should apply here. We have identified no statute that authorizes the county auditor to obtain immediate, unlimited access to the computerized records of county officers. The Open Records Act and the Local Government Records Act, moreover, specifically charge elected county, district, and precinct officers with the control, management, and preservation of information created or

received by their offices pursuant to law or in the transaction of public business, including information stored in a computer that serves all county offices. Attorney General Opinion JM-1224 (1990). See V.T.C.S. art. 6252-17a, § 5(a); Local Gov't Code §§ 203.002, 203.005, 205.002. Neither the commissioners court nor an office created by it to manage the computer system may deprive elected county officers of this statutory authority. Attorney General Opinion JM-1224 (1990).[2]

Accordingly, we do not believe the county auditor may, through computer programming or equipment applications, obtain unlimited access to the records of elected county, district, or precinct officers without the prior authorization of the officers. Because county officers are equally bound by sections 112.006 and 115.001, their authorization may not be arbitrarily or unreasonably withheld.

The final issue raised by this opinion request concerns the storage of voter registration information on computer by the county tax assessor-collector in her capacity as registrar of voters.

We have also learned that the commissioners court recently ordered the cancellation of the contract for the lease of computer hardware and software used by the county tax assessor-collector's office. The cancellation is effective at the close of business on December 31, 1990. We are advised that the tax assessor-collector serves as voter registrar for the county, and that voter registration

---

2. The county tax assessor-collector has expressed concern that installation of the computer system as it has been described in this opinion will effectively circumvent her control over access to the records maintained by her office. Attorney General Opinion JM-1224 indicated that elected county officers had implied authority to adopt reasonable security and control measures for any information received by their offices and stored electronically. Thus, the county tax assessor-collector in this instance would be authorized to adopt controls reasonably designed to ensure the security of the records of her office and to prevent unauthorized access to such records, provided she has not delegated this duty under the Local Government Records Act. See Local Gov't Code § 203.005(g). The opinion also indicated that the duty of the commissioners court in these circumstances is to facilitate the implementation of reasonable security measures by the elected county officer. See Local Gov't Code § 203.003.

information is maintained with the assistance of the computer hardware and software supplied by a private company. See Elec. Code § 12.001.

Section 18.012 of the Election Code prohibits a county from entering into a contract with a computer services company or other private business for services related to original, supplemental, or corrected lists of registered voters without the Secretary of State's prior approval of the programs, equipment, or other materials covered by the contract. The Secretary of State's office informs us that the contract with the private business entity regarding the computer equipment currently used by the county tax assessor-collector in her capacity as registrar of voters was subject to this provision.

If it appears that the commissioners court will require the tax assessor-collector to maintain voter registration information in the county computer system, this action ordinarily would not be subject to section 18.012. However, if the county intends to contract with a private business entity for any service relating to computerized lists of registered voters, including programming of the county computer to accommodate such information, the contract is subject to section 18.012 and cannot be entered into without the prior approval of the secretary of state.[3]

## S U M M A R Y

A county auditor in a county with a population of less than 190,000 may adopt and enforce regulations pursuant to section 112.001 of the Local Government Code that incidentally require the use of specific

---

3. The registrar of voters may also have a separate legal duty to secure other voter registration information stored electronically. See Elec. Code §§ 13.103 (voter registration application files may be stored electronically, but their physical security must be maintained); 15.053 (files of duplicate initial voter registration certificates may be maintained as electronic data processing information); 15.054 (files must be kept at all times by registrar in a place and manner that ensures their security). These provisions may implicitly authorize the registrar to adopt computer security measures for such information, but it is unnecessary to decide this issue, since we have already determined that the Local Government Records Act grants comparable authority.

computer programming by county officers, provided such rules are not inconsistent with law or a regulation adopted by the Comptroller of Public Accounts pursuant to section 112.003 of the Local Government Code and do not unreasonably infringe upon the duties of county officers. The county auditor may not dictate what equipment county officers shall use in the conduct of the affairs of their offices.

If voter registration information is maintained on a computer system that serves all county offices, and if the commissioners court intends to contract with a private business entity for any service relating to such computerized information, the contract may not be executed without the prior approval of the Secretary of State pursuant to section 18.012 of the Election Code.

Very truly yours,

J I M    M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General