

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 22, 1990

Honorable Stephen C. Howard
Orange County Attorney
Orange County Courthouse
Orange, Texas   77630

Opinion No. JM-1150

Re:   Authority   to   set   the
salaries of the Orange County
Child Support Office
(RQ-1892)

Dear Mr. Howard:

You ask  whether it  is the  function of  the  juvenile
board or  the commissioners  court to  set the  salaries  of
child support office personnel in Orange County.

Subsection (a)  of section  152.1872 of  the Human  Re-
sources Code provides that the Orange County Juvenile  Board
shall establish a child support  office and appoint a  child
support collector  to  collect and  disburse  child  support
payments as ordered by  a court. Subsection (b)  authorizes
the collection of not  less than one  dollar per month  from
the payor of the support for collecting and disbursing child
or spousal  support payments  made to  the office.    Section
152.1873 provides for the  payment of a  five dollar fee  by
each person who files for a  divorce in Orange County to  be
used to  assist in  maintaining  the child  support  office.
Subsection (f) of  section 152.1872 states  that these  fees
shall be deposited in  a separate fund  known as the  "Child
Support Fund" by the county treasurer.

Subsection (g)  of section  152.1872 concerns  the  ad-
ministration of the fees in this account and the funding  of
the child support office.

> (g)  The juvenile  board shall  administer
> the fees  collected  under this  section  and
> Section 152.1873 to meet the expenses of  the
> office, including  postage,  equipment,  sta-
> tionery, office  supplies,  subpoenas,  sala-
> ries, and  other expenses  authorized by  the
> board.  The fund  shall be supplemented  from
> the general fund or other available funds  of
> the county as necessary.

You advise that your question is prompted by the juvenile board's submission of a budget to the commissioners court that included a nine percent raise for employees in the child support office. The commissioners court rejected that raise, stating "the court feels a 6 percent salary increase is acceptable." See Local Gov't Code § 152.012 (commissioners court shall set salaries of county employees).

Prior to the enactment of article 42.121 of the Code of Criminal Procedure, Acts 1977, 65th Leg., ch. 343, at 910 (eff. Sept. 1, 1978), article 42.12 of the Code of Criminal Procedure provided that the district judges of the county would hire and fix the salaries of probation officers "with the advice and consent of the commissioners court." The salaries were funded by the counties except for the portion defrayed by probation fees.

In Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.), the court rejected the position of the commissioners court that the [then] provision in article 42.12 permitting district judges to appoint and fix salaries for probation officers was unconstitutional. In upholding the action of the judges in fixing the salaries of probation officers, the court found that it was the intent of the legislature to place on the judges the authority to provide for and supervise the administration of probation departments. The court reasoned that it was a subject not only peculiarly within the knowledge of the judges, but one specifically entrusted to them. The court stated that the commissioners' approval of the salaries, under the provision of article 42.12 requiring their "consent," was a ministerial duty in the absence of a showing of a clear abuse of discretion.

While Commissioners Court of Harris County v. Fullerton, 596 S.W.2d 572 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.), involved purchase of office equipment by the auditor, rather than salaries, the court upheld the county auditor's budget that included equipment the commissioners court refused to approve. The court found that statutes expressly authorizing the auditor to prescribe the system of accounting for the county and provide himself with equipment did not deny the commissioners court its right to exercise budgetary authority. The court concluded, however, that the commissioners court had authority to review or reject the auditor's budget "only to the extent that the specific cost of an enumerated item is excessive or

unreasonable in its monetary demands upon county funds, available or to become available, subject to any abuse of discretion."

Attorney General Opinion JM-79 (1983) concerned the authority of the Harris County Commissioners Court to refuse to approve the budget of the Harris County Hospital District. Section 8 of article 4494n, V.T.C.S., authorized the administrator, under the direction of the board of managers, to prepare an annual budget to be presented to the commissioners court for final approval. Attorney General Opinion JM-79 concluded that while the statute authorized the administrator and board of managers of the hospital district to submit a suggested budget, "it accords to the commissioners court the right of 'final approval.'"

The same conclusion was reached in Attorney General Opinion MW-15 (1979) under article 5142b, V.T.C.S., regarding the budget submitted by a juvenile board. Article 5142b provided that the compensation of all probation officers shall be fixed by the board "subject to the approval of the County Commissioners Court."

A like result was reached in Attorney General Opinion H-908 (1976) under article 332a, V.T.C.S., now section 41.106 of the Government Code, which authorized the prosecuting attorney to hire personnel and set salaries conditioned on the approval of the commissioners court.

Martin was discussed and distinguished in Attorney General Opinions JM-79 and MW-15. In Attorney General Opinion MW-15 it was stated:

> The language relating to the commissioners court's duty in [Martin] was ambiguous, and . . . the courts relied on the rest of the act to ascertain the legislative intent. The statute specifically indicated that this purpose was to place responsibility for probation supervision wholly within the state courts. There is neither a similar ambiguity in article 5142b nor similar language which would broaden the responsibility of the juvenile board.

Attorney General Opinion JM-79, in considering Fullerton, stated:

The court held that, once the auditor makes a determination that a particular item of equipment is necessary for the proper functioning of his office, the commissioners must ministerially take the proper legal steps to provide that equipment 'unless it finds that the county auditor abused his discretion.' [Fullerton] at 576. The decision was based, however, on article 1650, V.T.C.S., which authorizes a county auditor 'to provide himself with all necessary ledgers, books, records, blanks, stationary, equipment, telephones and postage at the county's expense.'

Under the court's reasoning in Fullerton, the commissioners court would be obliged to ministerially approve only those items in the hospital district's budget which article 4494n, or some other statute, specifically authorized. Since no statute specifically authorizes a hospital district to make the expenditures about which you inquire, we must conclude, on the authority of Attorney General Opinions MW-15 and H-908, that the commissioners court is the body ultimately responsible for the financial affairs of the county, and that, as such, it is empowered to reject any budget submitted by the hospital district.

The legislature authorized the Orange County Juvenile Board to establish a child support office, appoint a child support collector, and administer the fees collected for the child support fund to meet, among other expenses, salaries "authorized by the board." Subsection (g) of section 152.1872 further provides "the fund shall be supplemented from the general fund or other available funds of the county as necessary." We construe this provision to reflect an intent on the part of the legislature that the county supplement the child support fund to the extent that it is necessary to meet the expenses authorized by section 152.1872, including salaries budgeted by the juvenile board. Unlike the expenses under the statutes considered in Attorney General Opinions JM-79, MW-15, and H-908, the expenses budgeted by the juvenile board are not statutorily conditioned on the approval of the commissioners court. As with the statutes considered in Martin and Fullerton, it appears that it was the intent of the legislature that the

juvenile board create and supervise the child support office, appoint its collector, and provide for the expenses of the office. We conclude that it is the commissioners court's function to ministerially approve the budget for child support office personnel submitted by the juvenile board, subject to a showing that the juvenile board abused its discretion.

### S U M M A R Y

The Juvenile Board of Orange County is authorized to set the salaries of the child support office personnel. The authority of the commissioners court of Orange County to reject the salaries budgeted by the board is limited to a showing that the board abused its discretion.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General