

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 21, 2007

The Honorable Bill Moore
Johnson County Attorney
Guinn Justice Center
204 South Buffalo Avenue
Fourth Floor, Suite 410
Cleburne, Texas 76033-5404

Opinion No. GA-0571

Re: Responsibility for selection and discontinuance of financial software used by the office of the county auditor  (RQ-0583-GA)

Dear Mr. Moore:

You ask about the Johnson County Auditor's responsibility and authority regarding the selection of financial software.[1]  Your specific questions are:

> 1.  If the County Auditor decides that the financial software currently being used is unsatisfactory and creating problems and issues in the performance of his duties, does the County Auditor have the authority under Sections 112.001 or 84.901 of the Local Government Code to choose the computer software for use by the county auditor's office?
>
> 2.  If the financial software offered by two or more vendors meet[s] the specifications as requested by the County Auditor, does the County Auditor have the authority under Sections 112.001 or 84.901 of the Local Government Code to determine which computer software to purchase assuming that there is not a substantial difference in the costs of purchasing one or the other?
>
> 3.  If the Commissioners Court votes to discontinue the use of the financial software being used by the County Auditor's Office and to replace that financial software with another financial software, does the County Auditor have the authority under Sections 112.001 or 84.901 of the Local Government Code to continue usage of the current financial software over objections of the Commissioners Court?

Request Letter, *supra* note 1, at 1.

---

[1]*See* Letter from Honorable Bill Moore, Johnson County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 19, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

As background, you inform us that Johnson County ("County"), with a population of less than 190,000, has a centralized computer system. *See id.* This system provides a "computer network for use by all of the elected officials' offices and county departments." *Id.* at 2. Recently, because of the commissioners court's dissatisfaction with the then-current software and based on a local committee's recommendation for new software, the County purchased a new financial software package. *See id.* You tell us that, after months of using the new software, various county departments reported significantly different evaluations. *See id.* While the auditor was satisfied with the operation of the software and the purchasing agent considered it suitable despite some problems, the personnel department and the treasurer's office found the software cumbersome and inefficient. *See id.* After reviewing a report detailing the problems associated with the new software and meeting with the vendor, the commissioners court "decided to discontinue use of the financial software and evaluate [reverting] to the previous software." *Id.*

You inform us that the commissioners court's decision to discontinue the use of the software was made over the objection of the auditor, who suggested the matter be postponed for further study and consideration. *See id.* You state that when the commissioners court changed the financial software, the auditor filed suit against various county officials. *See id.* You further inform us that the commissioners court, in an effort to avoid litigation costs, "rescinded its decision to change software" and settled with the auditor by agreeing not to "take any action that purports to direct or dictate what computer software is necessary for the proper discharge of the County Auditor's Office." *Id.* at 3. Though the matter has been settled for the present, you inform us the issue is "subject to repetition" and seek our "clarification as to the authority of the County Auditor to determine computer software for use by the County Auditor's Office." *Id.*

You qualify your first question by asking about "software for use by the county auditor's office." *Id.* at 1. Thus we focus our consideration on the auditor's authority to direct the use of particular software by the auditor's office without regard to any requisite use of the software by other county offices. Section 84.901, Local Government Code, authorizes a county auditor to "purchase, at the county's expense and in the manner provided by law, necessary ledgers, books, records, blank forms, stationery, equipment, telephone service, and postage." TEX. LOC. GOV'T CODE ANN. § 84.901 (Vernon 1999). Section 112.001 of the same code authorizes a county auditor in counties that have a population of less than 190,000 to

> adopt and enforce regulations, not inconsistent with law or with a rule adopted [by the Comptroller of Public Accounts],[2] that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county.

*Id.* § 112.001 (footnote added). Collectively, these provisions have been construed to clothe the office of county auditor with an "impressive array of independent administrative duties and discretionary powers." *Comm'rs Ct. of Harris County v. Fullerton*, 596 S.W.2d 572, 576 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

---

[2]Section 112.003, Local Government Code, authorizes the comptroller of public accounts to "prescribe the manner of keeping and stating the accounts of the [county] officials." TEX. LOC. GOV'T CODE ANN. § 112.003(a) (Vernon Supp. 2006).

Pursuant to the authority under these two sections, a Texas court of appeals found in *Fullerton* that a county auditor is authorized to provide his or her office with a computer, as well as the equipment and services necessary for the computer, to enable the auditor to perform the statutory auditor duties. *See id.* at 576–77 (construing statutory predecessors to sections 84.901 and 112.001). In *Fullerton*, the court upheld the auditor's authority over the refusal of the commissioners court to fund the computer, equipment, and services. *See id.* at 577. The court reasoned that when the authority of a county auditor granted in sections 84.901 and 112.001 conflicts with the commissioners court's authority over the county budget, the specific authority of the county auditor prevails over the general authority of the commissioners court. *See id.* The court determined that a commissioners court may review and reject an auditor's budget request only to the extent that an item under section 84.901 or 112.001 is excessive or unreasonable in its financial impact on the county. *See id.* And while the court determined that the commissioners court abused its discretion in refusing to fund the equipment, the court did nothing to negate the commissioners court's authority to determine whether a request is financially excessive or unreasonable. *See id.* at 578; *see also Guerrero v. Refugio County*, 946 S.W.2d 558, 567 (Tex. App.—Corpus Christi 1997, no writ) *overruled in part on other grounds by NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 147 (Tex. 1999) (recognizing based on *Fullerton* that the "County could only disapprove of the [auditor's] purchases if they were excessive or an unreasonable demand on the county's funds").

Thus, under *Fullerton* a commissioners court must approve a county auditor's request for items necessary to the operation of the county auditor's office if the request is not financially excessive or unreasonable. *See Fullerton*, 596 S.W.2d at 577 (deciding that the commissioners court did not have authority to impose uniform computerized records system on auditor's office). *But see* TEX. LOC. GOV'T CODE ANN. §§ 111.013, .044, .074 (Vernon 1999) (adopted after *Fullerton* and providing that an increase from one year to the next in the amount budgeted for expenses of an auditor's office shall not exceed 5% without approval of commissioners court). To the extent you are concerned about the auditor's choice of financial software to be used solely by the auditor's office, we conclude that absent a financially excessive or unreasonable request, the auditor has authority to choose the financial software for use in the auditor's office. And again, absent a financially excessive or unreasonable request, that authority includes the discretion to choose between vendors and to continue using a particular financial software over the objections of the commissioners court. *See* Request Letter, *supra* note 1, at 1. At the same time, however, the authority and discretion to determine what is financially excessive or unreasonable rests with the commissioners court as the authority over the county budget and finances. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.008(a)–(b), .039(a)–(b) (Vernon 1999).[3] The commissioners court may consider in its determination the practical and financial ramifications of the auditor's choice of software on other offices.

---

[3]*See also Randall County Comm'rs Ct. v. Sherrod*, 854 S.W.2d 914, 927 (Tex. App.—Amarillo 1993, no writ) ("Article V, section 18 of the Texas Constitution establishes the commissioners court as the principal governing body of the county. Under this authority, the commissioners court has the power to determine the county budget and appropriate funds.").

## S U M M A R Y

Absent a financially excessive or unreasonable request as determined by the county commissioners court, a county auditor has authority to choose the financial software for use in his or her office. Subject to the same limitation, that authority includes the discretion to choose between vendors and to continue using a particular financial software over the objections of the county commissioners court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee