August 9, 2011

Ms. Mary L. Nichols
Grimes County Auditor
Post Office Box 510
Anderson, Texas 77830

Opinion No. GA-0872

Re: Authority of a commissioners court and a county auditor with regard to county budget amendments (RQ-0946-GA)

Dear Ms. Nichols:

You ask five questions about the authority of the Grimes County Auditor and Grimes County Commissioners Court.[1] Your first and second questions are as follows:

> 1. Must the County Auditor create new budget lines for a new department in the middle of a budget year to accommodate a budget amendment Order passed by [the] Commissioners Court, when the Auditor does not agree that there was a grave public necessity as a result of an unusual or unforeseen situation?
>
> 2. Does the County Auditor's statutory duty to "see to the strict enforcement of the law governing county finances" authorize her to decline to create such budget lines?

Request Letter at 1. Because these questions require the same analysis, we answer them together.

After final approval of a county budget, a commissioners court may spend county funds "only in strict compliance with the budget, except in an emergency." TEX. LOC. GOV'T CODE ANN. § 111.010(b) (West 2008). A commissioners court may authorize an emergency expenditure "only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.010(c). Courts presume that a commissioners court's determination of an emergency justifying a budget amendment is valid. *Bexar Cnty. v. Hatley*, 150 S.W.2d 980, 987 (Tex. 1941).

---

[1]Letter from Ms. Mary L. Nichols, Grimes County Auditor, to Honorable Greg Abbott, Attorney General of Texas (Feb. 17, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

As you note, a county auditor shall "'see to the strict enforcement of the law governing county finances.'" Request Letter at 1 (quoting section 112.006(b) of the Local Government Code). The law governing county finances grants only a commissioners court authority to make an emergency budget amendment. TEX. LOC. GOV'T CODE ANN. § 111.010(a)–(c) (West 2008). *See also* Tex. Att'y Gen. Op. No. O-6220 (1944) at 4 (opining that a commissioners court "is the sole agency having the discretionary power to determine the existence of such facts as would constitute an emergency justifying a budget amendment"). We have not found a statute authorizing a county auditor to determine whether there might be an emergency justifying a budget amendment. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 84.001–.902, 111.001–.014, 112.001–.010, 113.041–.048 (West 2008 & Supp. 2010). *See also* Request Letter (identifying no statute that would grant such authority). Similarly, we have not found a statute authorizing an auditor to refuse to create budget lines pursuant to a commissioners court's emergency budget amendment. *Id.* Accordingly, a county auditor is not authorized to refuse to create budget lines pursuant to a commissioners court's emergency budget amendment. *See Navarro Cnty. v. Tullos*, 237 S.W. 982, 988 (Tex. Civ. App.—Dallas 1922, writ ref'd) (explaining that an auditor and a commissioners court exercise their powers in relation to one another only as the law prescribes).[2]

Your third question is whether "the Commissioners Court agenda item [is] sufficient to notify the public that it intends to declare an emergency and amend the current year's budget[.]" Request Letter at 1. The notice in question provided, "13. Consider and take action to modify the Treasurer's Budget to identify resources of the Human Resource Department."[3] Texas law requires a governmental body to give written notice of the subject of each of its meetings. TEX. GOV'T CODE ANN. § 551.041 (West 2004). The description of the subject must be sufficient to give a reader adequate notice of the proposed governmental action. *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991). The notice in question did not specify that the commissioners court intended to declare an emergency, but it did propose to amend the part of the treasurer's budget pertaining to human resources. *See* Notice at 4. Similarly, it did not specify that the commissioners court intended to amend the current year's budget, but it did propose to "modify the Treasurer's Budget," language that connotes amendment of something extant, like this year's budget, rather than creation of something new, like next year's budget. *Id.* Accordingly, a court might find that the notice is legally sufficient. *See Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex. 1975) (finding a notice sufficient because even though it was "not as clear as it might be, . . . it would alert a reader to the fact that some action would be considered with

---

[2]We do not conclude that the county auditor lacks authority to see to the strict enforcement of the law governing county finances. On the contrary, we conclude that she has that authority. TEX. LOC. GOV'T CODE ANN. § 112.006(b) (West 2008). The duty to see to the strict enforcement of the law governing county finances requires her to ensure that, inter alia, the commissioners court complies with the requirements of section 111.010. *Id. See also Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981) (holding that courts presume the Legislature has not done a useless act). We merely opine that, based on statutory text, Texas court cases, and prior opinions of this office, the county auditor lacks authority to countermand a commissioners court's emergency budget amendment. You do not ask, and we do not speculate, about another means of enforcing the law governing county finances. *See generally* Request Letter.

[3]Notice of the Regular Meeting of the Commissioners' Court of Grimes County, Texas, Tuesday, December 28, 2010, at 4 (on file with the Opinion Committee) ("Notice").

respect to" the specified subject). *But see Cox Enter., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958–59 (Tex. 1986) (indicating that the notice of a meeting at which a topic of special interest to the public will be discussed must be more detailed than it otherwise must be).

Your fourth question is whether a human resources director is "an 'appropriate official' to whom payroll preparation duties may be assigned[.]" Request Letter at 1. Because no statute assigns payroll preparation duties to a particular county official, a commissioners court may delegate them to "an appropriate county official." *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). An "appropriate county official" in this context is one whom the Legislature authorizes to perform the clerical functions associated with payroll preparation duties. *Id.* (calling a county auditor "an appropriate county official" because he "has the authority to perform the clerical functions associated with payroll preparation"); *id.* at 82 (noting that a commissioners court may assign a county official's non-core functions, including those associated with payroll preparation, to another whom the Legislature authorizes to perform those functions). We have not found a statute that specifically authorizes a "human resources director" to perform a clerical function associated with payroll preparation, but at least one statute authorizes the county commissioners court to assign such duties to a "county officer." *Id.* at 81 (quoting section 155.062(a)(1) of the Local Government Code). Thus, if a county human resources director were a county officer, a county human resources director would be an "appropriate official." *See Agan*, 940 S.W.2d at 81; *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (holding that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others"). We received no briefing purporting to identify any legal authority establishing that a county human resources director would be a county officer and we have not found any such authority. *See generally* Request Letter. Because we are unaware of a statute that would authorize a county human resources director to perform clerical functions associated with payroll preparation, we cannot conclude that a county human resources director would be an "appropriate official" to whom payroll preparation duties may be assigned. *See Agan*, 940 S.W.2d at 81–82.

Your fifth question is whether "the County Judge [may] countersign a county check, instead of the County Auditor[.]" Request Letter at 1. You explain that, in "the past, the Treasurer's office sought the County Judge to countersign a county check when the County Auditor was not available." *Id.* at 2. In a county with a county auditor, "the county treasurer and the county depository may not pay a check or warrant unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure." TEX. LOC. GOV'T CODE ANN. § 113.043 (West 2008). A county auditor's official duties cannot be delegated to anyone other than her qualified assistants. *Comm'rs Court of Harris Cnty. v. Fullerton*, 596 S.W.2d 572, 578 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (citing *Tullos*, 237 S.W. at 986). *See also* TEX. LOC. GOV'T CODE ANN. § 84.021(d) (West 2008) (providing that, during an auditor's absence, her assistants may perform the duties required by law of the auditor). Therefore, a county auditor's duty to countersign a check may be delegated to an auditor's qualified assistants and no one else.

## S U M M A R Y

A county auditor has no independent legal authority to refuse to create budget lines pursuant to a commissioners court's emergency budget amendment.

A commissioners court's notice of a public meeting must adequately notify the public of the action the court intends to consider.

If a county human resources director were an officer to whom the Legislature has assigned a clerical function associated with payroll preparation, the human resources director could perform county payroll preparation duties.

Only the county auditor and her qualified assistants may countersign a check.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee